DANIEL BUCK AND WIFE *vs.* ELIZUR T. GOODRICH AND OTHERS.

Where a suit is brought by husband and wife for an injury solely to her interest in land, and during the pendency of the suit and before judgment the wife dies, the husband can not proceed alone with the suit.

CASE, by husband and wife, for an injury to the land of the latter by the wrongful flowing of the same by the defendants. There was but a single count in the declaration, which was as follows:—

"Then and there to answer unto Daniel Buck, and Mary Buck his wife, in a plea of the case, whereupon the plaintiffs declare and say that the said Mary, on or about the 29th day of October, 1860, was and ever since has been lawfully possessed in her own right in fee of a certain tract of land, situate in said town of Windsor, containing seventy acres more or

less, bounded north on Farmington River, east, west and south by lands of Cyrus Griswold and heirs of Bradford Griswold and others ; which the defendants well knew, but contriving and intending to injure the said land and to deprive the said Mary of the benefit thereof and to destroy the soil and substance of the same, on or about the said 29th day of October, wrongfully and unlawfully raised and added to the height of a certain mill dam before that time erected, lying across the bed of said Farmington River below the land of said Mary, and have ever since unlawfully and wrongfully kept, maintained and continued an addition to the lawful height of said dam, although the defendants were then and there notified by the plaintiffs not to keep, maintain and continue said addition to said dam and to remove the same ; but said defendants, said notice not regarding, have neglected and refused to remove said addition to the height of said dam, and have ever since said notice until this date wrongfully and unlawfully kept, continued and maintained the same, and caused the water of said river to flow back upon and overflow and drown the land of the said Mary, whereby said land, with the soil, substance and body thereof, have been greatly injured and damnified, to the great hurt and prejudice of said Mary's estate therein, and to the damage thereof the sum of fifty dollars ; which with just costs to recover the plaintiffs bring this suit."

While the suit was pending in the superior court and before trial the plaintiff Mary Buck died, and upon motion of the defendants her death was suggested upon the record. The defendants then moved that the case be dismissed for that cause, which motion was denied. After a trial to the jury and a verdict for the plaintiff, the defendants moved in arrest of judgment for the same cause, which motion was overruled and judgment rendered for the plaintiff. The defendants then brought the record before this court by motion in error.

*Goodman* and *McFarland*, for the plaintiffs in error.

The suit is brought solely for an injury to the wife's inter-est in the land. The cause of action would therefore have

survived to her.　1 Swift Dig., 74; 2 Kent Com., 117, and note *b*; Reeve's Dom. Rel., 133; 1 Chitty Pl., 22.　She was therefore a necessary party.　*Clapp* v. *Stoughton,* 10 Pick., 470; *Fuller* v. *Naugatuck R. R. Co.,* 21 Conn., 557; *Magruder* v. *Stewart,* 4 How. (Miss.,) 204.　It follows that, she being dead, he can not prosecute the suit alone.　The suit will abate.　1 Bla. Com., 443; Com. Dig., *Baron & Feme, V;* 1 Chitty Pl., 75; *Ryder* v. *Robinson,* 2 Greenl., 127.　If the husband had died the suit would not have abated, as he was not the real plaintiff.　1 Chitty Pl., 22; *Little* v. *Downing,* 37 N. Hamp., 355; *Jaques* v. *Short,* 20 Barb., 269.　It is only where judgment is recovered before the wife's decease that the husband can proceed to take out execution.　He has the benefit of the judgment.　Com. Dig., *Baron & Feme, E* 3. Our statute with regard to the survival of actions where one of two or more plaintiffs dies was not intended to apply to such a case as this.　Revision of 1866, p. 22, sec. 97.

*Whittlesey,* for the defendant in error.

1. For a trespass to the estate affecting the joint interest of husband and wife they must join as plaintiffs.　1 Chitty Pl., 56.　The allegations of the writ simply exclude all idea that the suit is for an injury to the sole possessory interest of the husband.　They set forth coverture and her possession as wife, which is equivalent to averring possession by both, and the jury must have found possession by both.　Allegation and proof of possession is sufficient.　*Parker* v. *Hotchkiss,* 25 Conn., 321.　After verdict this court will construe the declaration, as it did in *Taylor* v. *Knapp,* 25 Conn., 510, as a claim by the husband and wife for an injury " to her right belonging to both during coverture."　Even if they were not joint tenants in the strict sense of the term, they were jointly interested in vindicating the estate from a lasting or continuing injury " to her right belonging to both during coverture." The right to sue for such an injury would survive to the survivor.　Revision of 1866, p. 22, sec. 96.　The court will hold here, as in *Taylor* v. *Knapp,* that no evidence was admitted except as to damages sustained by husband and wife.

2. The injury was one of that class in which the husband and wife might join, or the husband might sue alone. For damages to the land or other real property of the wife during coverture the husband may sue alone, or the wife may be joined, her interest being stated in the declaration. 1 Chitty Pl., 66 ; 2 Saund. Pl. & Ev., 568 ; Com. Dig., *Baron & Feme*, *W* and *X*; *Clapp* v. *Stoughton*, 10 Pick., 470 ; *Allen* v. *Kingsbury*, 16 id., 235 ; *Cushing* v. *Adams*, 18 id., 110 ; *Deans* v. *Jones*, 6 Jones, (Law,) 230 ; *Jefcoat* v. *Knotts*, 11 Rich. (Law,) 649 ; *Lyme* v. *Sanders*, 2 Strobh. (Law,) 332 ; *Tallmadge* v. *Grannis*, 20 Conn., 296 ; *Taylor* v. *Knapp*, 25 id., 510. If the husband might have sued alone for this injury, obviously his right to do so is not defeated by her death. It does not abate the pending suit, but the suit survives to him. 1 Chitty Pl., 74.

3. This *action* survives to the husband under the last clause of Sec. 97, tit. *Civil Actions*, Revision of 1866, p. 22, whether the *cause of action* technically survives to him or not. It is a statutory survivorship, which the legislature is competent to make. The claim of the defendants is, in legal effect, a plea in abatement of this suit, to which neither the spirit of the common law or of our statute laws is friendly. The object of this clause was to prevent abatement of pending suits in a class of cases where, by the common law, upon the death of one or more of the plaintiffs, there being no legal survivorship of the cause of action, the suit would abate. It meant to give the survivor the legal right to prosecute the suit though the beneficial interest might not be his. The origin and history of this clause show that this was its intention. It is a remedial statute, and should be liberally construed.

PARK, J. The declaration in this case counts upon a permanent injury committed to the real estate of Mary Buck, the wife. It commences by describing a lot of land belonging to her in fee. It then sets forth " that the defendants, intending to injure the said land, and to deprive the said Mary of all benefit thereof, and to destroy the soil and sub

stance of the same," did &c. ¯It then alleges that, by reason of the premises, " said land, with the soil, substance, and body thereof, have been greatly injured and damnified, to the great hurt and prejudice of said Mary's estate therein, and to the damage thereof; " and concludes by stating that the suit is brought to recover such damage.

What interest has Daniel Buck in the subject-matter of this suit ? He has studiously avoided stating any in the declaration ; and it seems, if it is possible for a husband and wife to sue only for that portion of an injury committed to the real estate of the wife which is of a permanent nature and solely affects her interest, that the plaintiffs have been successful in framing this declaration to recover damages for such an injury.

It must be conceded that it is in the power of husband and wife to do this. They may pass by all injury to the possession, all injury in which both are interested, and count only upon the permanent, lasting injury to the freehold of the wife.

The husband can not sue alone for such an injury, for the cause of action will not survive to him. 1 Swift Dig., 36 ; Reeve's Dom. Rel., 133 ; *Clapp* v. *Stoughton,* 10 Pick, 463 ; *Fuller* v. *Naugatuck R. R. Co.,* 21 Conn., 557. Consequently he can not prosecute such an action after the death of his wife during the pendency of the suit.

We think, therefore, there is manifest error in the judgment of the court below, and for these reasons it must be reversed.

In this opinion the other judges concurred.