### SALTMARSH *v.* CANDIA.

A suit brought by husband and wife, for a personal injury to the wife, can not be prosecuted by the husband after the wife's death, but may be prosecuted by the wife's administrator.

Suit was brought by husband and wife, for a personal injury to the wife. At the trial, it appeared that the wife had deceased since the commencement of the suit, and that no administration had been taken on her estate; but it was erroneously ruled that the husband might prosecute the suit. A verdict was returned for the plaintiff. Pending a motion to set aside this verdict, the husband was appointed administrator of his wife, and appeared in that capacity to prosecute the suit. *Held,* that the verdict must be set aside.

CASE, by Henry Saltmarsh and wife against the town of Candia, for personal injuries received by Mrs. Saltmarsh by reason of a defect in a highway. Plea, the general issue. The injuries were received Oct. 8, 1867, the writ was dated Sept. 21, 1868, and Mrs. Saltmarsh died Nov. 21, 1868. At the October term, 1870, the defendants objected that the action could not then be maintained by the husband alone, no administration having been taken on the wife's estate. The objection was overruled, subject to exception; and a trial was had, resulting in a verdict for the plaintiff, which the defendants moved to set aside. Subsequently to October term, 1870, the husband was appointed administrator of his wife's estate, and appeared at the trial term in that capacity to prosecute this suit.

*Morrison & Stanley* (with whom was *Small*), for the plaintiffs.

The only question raised in this case is, whether this action can be prosecuted in the name of the husband, the wife being dead; and the defendants claim that it cannot, because the right of action does not survive. Now, we do not admit that the right of action does not survive; but, assuming for the purposes of argument that it does, we maintain that it comes within the provision of sec. 12 of chap. 207 of the General Statutes. That section provides that " actions pending at the death of either party, in which the right of action does not survive, may be prosecuted, at the election of the surviving party or of the legal representatives of the deceased party, as actions may be prosecuted the cause of which survives." Who were the parties originally to this action? Henry Saltmarsh and his wife, plaintiffs, and the town of Candia, defendants. The wife is dead, leaving Henry Saltmarsh sole plaintiff, and the town of Candia, defendants. This action could not have been brought except in the name of Henry Saltmarsh and wife. Now, suppose this had been an action of trespass, brought by Saltmarsh and his wife for injuries to the real or personal estate of the wife, and

she had died pending the suit, it is clear, upon the authority of *Woods* v. *Griffin*, 46 N. H. 237, and *Little* v. *Downing*, 37 N. H. 355, that the suit could have been prosecuted by the husband.   If we are correct in this view, then the husband has the right, having elected so to do, to prosecute this suit the same as if it had been an action of trespass to the real or personal estate of the wife.   It seems clear to our mind that it was the intention of the legislature to allow actions to be prosecuted by the husband, where the wife was the meritorious cause, when commenced in her lifetime, even though no action could be commenced by the husband after her death.   But we say further, that the husband is the legal representative of the wife, and so for that reason this case is within the provisions of section 12, before cited.   Since the trial of this case, by way of precaution the husband has been appointed administrator of the wife, and at the trial term has appeared as administrator to prosecute this suit.

In *Janvrin* v. *Fogg*, 49 N. H. 340, where the plaintiff was permitted to put in evidence a mortgage not properly stamped, it was held that the verdict would not be disturbed if the plaintiff should, at the next trial term, produce in court the mortgage referred to, properly stamped, &c.   The point taken by the defendants in this case is purely technical, as much so as the want of a proper stamp upon a mortgage ; for clearly, under the statute, if the husband had been appointed administrator before the trial, the objection could not have been sustained for a moment. This defect having now been cured by the appointment and appearance of the administrator, the case comes within the principle decided in *Janvrin* v. *Fogg*, before cited.   To apply this principle in this case will work no hardship or injustice to the defendants.   They have had a fair and full trial upon the merits of the case.   They have in no way been prejudiced by the fact that the administrator was not appointed before, and now to set this verdict aside would be, as we conceive, manifestly unjust.   If the administrator could not prosecute the suit at all, then of course the verdict should be set aside ; but that he could maintain the action, if before the trial he had been appointed administrator, is, we respectfully submit, not open to doubt.

But supposing that this verdict must be set aside, we submit that it should be set aside and a new trial ordered only on the question of the appointment of an administrator.   We understand that in a recent case,—*Lisbon* v. *Lyman*, 49 N. H. 553,—it was held by this court that where there is an error in the ruling of the court upon a particular point, which is so disconnected from the other points in the case that a new trial may without prejudice be had upon that point, the verdict will not be set aside generally, but only so far as the erroneous ruling is concerned.   This is in accordance with numerous decisions in Massachusetts, and is founded in equity and justice.   Where a technical point like this is raised, and where the party has a right to a review, it is manifestly unjust to set the verdict aside and subject the parties and the county to the expense of a full trial on the merits, simply because on a single point, disconnected from all the others in the case, the court

made an erroneous ruling.   The verdict, then, if set aside at all, should be only on this one simple point: but, as we have before suggested, even this seems entirely unnecessary.

*Clark & Huse*, for the defendants.

SMITH, J.  The husband could not have brought this suit alone in the lifetime of the wife.

The wife was a necessary party ; the husband was " but an ennabling party, a side supporter, and not the actor ;" " he died as a party when his wife died."    At common law, the right of action did not survive to the husband, but the suit would abate by the wife's death, and could not be revived.    1 Chitty's Pleading 75 ;—see, also, *Norcross* v. *Stuart*, 50 Maine 87.   *Wood* v. *Griffin*, 46 N. H. 230, cited by the plaintiff, was an action of trespass, *quare clausum*, brought by husband and wife, for trespass on the land of the wife.   That was an action which the husband, as tenant by the marital right, might have brought alone without joining his wife.   Being seized of the freehold *jure uxoris*, and entitled to receive the rents and profits during the joint lives of himself and wife, he could have sued alone for " the disturbance to his own possession and present enjoyment."  1 Chitty's Pleading 74, 75 ; 1 Bishop on the Law of Married Women, sec. 578 ;—see, also, *Adams* v. *Barry*, 10 Gray 361 ; *Allen* v. *Kingsbury*, 16 Pick. 235.   It was rightly held that the husband might prosecute the suit after the wife's death.    *Buck* v. *Goodrich*, 33 Conn. 37, is more analogous to the case at bar.   There, the husband and wife brought an action on the case for injury to the wife's land by flowage.   In the declaration, the plaintiffs (in the view of the court) passed by all injury to the possession, all injury in which both were interested, and counted only upon the permanent, lasting injury to the freehold of the wife.   They sued only for that portion of the injury committed to the real estate of the wife, which was of a permanent nature, and solely affected her interest.  It was held, that the husband could not prosecute the action after the death of his wife, during the pendency of the suit.   The present suit was brought to recover solely for the personal injury to Mrs. Saltmarsh, and did not, at common law, survive to her husband, to be prosecuted by him.

Neither did the right to prosecute this suit survive to the husband, under the statutes of this State.   "Actions pending at the death of either party, in which the right of action does not survive, may be prosecuted to final judgment at the election of the surviving party, or of the legal representative of the deceased party, as actions may be prosecuted the cause of which survives."*   Gen. Stats., ch. 207, sec. 12.

---

*This statute received a construction in an opinion delivered by the CHIEF JUSTICE at the January term (Coös), 1869, in the appeal of Nathaniel H. Flanders from the decision of the commissioner upon the estate of Lyman Lombard.  A suit had been brought by the plaintiff in Merrimack county against the defendant for $10,000 damages for alleged malpractice.

" When one of two or more plaintiffs or defendants dies, and the right of action survives, the action may be prosecuted by or against the sur-

---

Dr. Lombard died prior to January 1, 1868, during the pendency of the suit, which was dismissed because his estate was decreed to be administered in the insolvent form. At the August term in Coös county, 1868, the plaintiff entered his appeal and filed his declaration.

The defendants, Hazen Bedel and another, executors of the estate of Dr. Lombard, thereupon moved to dismiss the action because the cause of action set forth in the declaration did not by law survive. The motion was denied, subject to exception, and the case was reserved.

*Ray & Ladd,* for the plaintiff.

*Barker, Bingham, Fletcher & Heywood,* for the defendant.

PERLEY, C. J. The Stat. of 1844, ch. 139, is as follows : All actions, in which the right of action does not now by law survive the death of either party, which have been commenced in any court of competent jurisdiction to try the same, may be prosecuted to final judgment at the election of the surviving or legal representative of the deceased party, in the same manner as in other actions the cause of which by law survives.

The plaintiff seeks to prosecute this action, which was pending when the original defendant died, against his administrator. The administrator objects that the plaintiff's cause of action did not survive before the statute of 1844, and is not within the purview of that statute ; because, he says, that statute only gives the surviving representative of the deceased party the election to prosecute the pending suit.

To reach this construction, the defendant reads the statute so as to connect the adjective "surviving" with the word "representative," understood thus : " at the election of the surviving representative or legal representative of the deceased party."

This is not very intelligible, for in law the representative of a deceased party is his executor or administrator ; and if there are more than one, and one dies before or pending the suit, the survivors are the legal representatives of the deceased, and prosecute or defend the suit, which was well instituted, whether the cause of action survive or not. So far, then, as the statute can be supposed to mean surviving administrators or executors, it is wholly inoperative, for the law was so before. Toller on Exrs. 114; 4 Burns Ecc. Law 241.

It is suggested that the term *surviving* may refer to the case of a surviving partner, where one of the partners has died pending a suit by or against

riving parties, such death being suggested on the record." Gen. Stats., ch. 207, sec. 13. The latter section is obviously inapplicable to this case, because the present cause of action is not one which "survives."

---

them. The same answer, that the law was so before, is decisive against this view of the question, for the surviving partner is the proper party, at common law, to prosecute or defend a suit by or against the partnership. 1 Chitty Pl. 12, 37.

And so, where the husband and wife sue for or on account of the wife, if the suit is properly brought, the cause of action survives to the wife, and this statute can have no application.

On the construction for which the defendant contends, the statute would thus seem to be wholly inoperative.

The other construction, which refers the word *surviving* to "party" understood, leaves the statute intelligible and consistent: where a plaintiff or defendant has died, the surviving party or the legal representative of the deceased party has an election to prosecute the suit. This puts pending suits, as to the right of prosecuting them, on the same footing, whether the cause of action survived before or not; and the concluding clause of the statute indicates that this was the intention "in the same manner as other actions the cause of which by law survives."

I think this case is within the statute, and that the surviving party has the right to prosecute the suit. There seems to be nothing unreasonable in this, which calls on us to control the language of the statute by any astute and over nice construction; for, if the deceased ought to pay demands to the plaintiff, there is no strong equitable reason why his estate should not answer for them after his death.

\*      \*      \*      \*      \*      \*      \*      \*      \*

\*      \*      \*      \*      \*      \*      \*      \*      \*

The general rule is, that where the plaintiff may declare on a contract, the cause of action survives. The suit for a breach of promise to marry is stated as an exception.

The form of the action adopted would not, however, seem to be material. *Booth* v. *Northrop*, 27 Conn. 325, 20 D. 26, ¶ 154.

And it would seem to have been decided, in *Long* v. *Morrison*, 14 Ind. 595, 21 D. 17, ¶ 147, that a right of action for a tort against a physician for malpractice died with the *plaintiff*, but survived under the statute of Indiana.

It is not necessary to decide whether this cause of action survived at

The former section merely puts pending suits, " in which the right of action does not survive," on the same footing, so far as further prosecution is concerned, as actions " the cause of which survives." But in the latter class of actions the husband cannot, after the wife's death, prosecute a suit commenced by the husband and wife in the lifetime of the wife, to which she was a necessary party. Such an action abates upon the wife's death, and the husband goes out of court, but the administrator of the 'wife will be allowed to come in as sole plaintiff and revive and prosecute the suit. *Pettingill* v. *Butterfield,* 45 N. H. 195 ; *Pattee* v. *Harrington,* 11 Pick. 221. The husband is not, by virtue of the marital relation, " the legal representative " of his deceased wife.

We think that the word " party," in section 12, means the party who is, in the eae of the law, the meritorious cause of action.

Upon these views, the ruling that the action could be maintained by the husband alone was erroneous.

It is suggested that since the trial the husband has been appointed administrator upon his wife's estate ; that he has appeared at the trial term as administrator to prosecute this suit ; and that, as he makes no objection to the result of the trial, there is therefore no occasion to set aside the verdict.

In considering the questions thus raised, it is necessary to bear in mind that Henry Saltmarsh, in his individual capacity, or as the husband of the late Mrs. Saltmarsh, is an entirely distinct person in law from Henry Saltmarsh, administrator of the estate of Mrs. Saltmarsh. The legal aspect of the case is the same as if some stranger had been appointed administrator, and had expressed himself satisfied with the result of the husband's prosecution of the· suit since the wife's death.

Undoubtedly a person may ratify an action brought in his name, but without his knowledge or authority, by another professing to act as his agent and on his behalf—*Ancona* v. *Marks,* 7 H. & Norm. 686 ;

---

common law, as we think the plaintiff has the right to prosecute this suit under the statute.

This decision was followed in *Martha T. Robertson* v. *John Shaw* (decided Merrimack co. March adj. term, 1870), Doe, J., delivering the opinion, which was a suit for a breach of promise of marriage, and in which the defendant died during the pendency of the suit, and in which his administrator, Ziba Severance, upon coming in, moved to dismiss the suit.

*Pike & Blodgett,* for the plaintiff.

*Shirley, Foster & Sanborn,* and *John H. George,* for the defendant.

*Craig* v. *Twomey*, 14 Gray 486; and an administrator may ratify a suit brought in the name of the intestate in his lifetime without authority. *Mathewson* v. *Eureka Powder Works*, 44 N. H. 289. But the difficulty in the present case, as to the administrator's ratifying what has been done by the husband in the prosecution of the suit since the wife's death, is, that the husband did not profess to act in the name or on the behalf of the wife's administrator. He seems to have asserted the right to prosecute the suit on his own account. It does not appear that he claimed to be acting by the authority of the wife's administrator, nor to be acting on behalf of the person, whoever he might happen to be, who should thereafter legally represent the intestate's estate. An act, to be susceptible of ratification, must be done at the time on the behalf of the person who afterwards undertakes to ratify it. "*Ratihabitio*" is defined as "the act of assenting to what has been done by another in my name." Broom's Legal Maxims 833. The term "ratification" involves the idea of a previous assumption by the doer of the character of agent for the ratifier. "It presupposes the act to be done for another, but without competent authority from him." Third persons would be placed in great uncertainty, and might be subjected to wrong, "if A might adopt as his own an act which was represented by the agent as the act of B," or as an act done by the agent on his own account. "*Ratum quis habere non potest, quod ipsius nomine non est gestum.*" *Wilson* v. *Tumman*, 6 Man. & Gr. 236; MAULE, J., in *Briant* v. *Pilcher*, 16 C. B. 354, p. 357; COLTMAN, J., in *Walker* v. *Hunter*, 2 M. Gr. & Scott 324, p. 334; *Heath* v. *Chilton*, 12 M. & W. 631, pp. 638, 639;—see, also, *Watson* v. *Swann*, 11 C. B. (N. S.) 756; Story on Agency, 7th ed., sec. 251, *a.* Moreover, in the present case a ratification would be utterly unavailing. Its utmost effect could not exceed a prior authority. But no prior authority from the administrator could have legalized the prosecution of this suit by the husband in his own name.

The decisions in *Janvrin* v. *Fogg* and *Lisbon* v. *Lyman* are not in point for the plaintiff. In those cases the court declined to order, on technical grounds, a new trial of certain issues of fact which had once been well tried between the proper parties. But in this case there has been no trial between the proper parties. There was really no plaintiff in court during the trial. It is very clear that, if the trial had resulted in a verdict for the defendants, that verdict would not have been binding upon the administrator, and could not have been used to his prejudice, he not having been a party to the suit, and not being in privity with the husband. It is an elementary principle "that nobody can take benefit by a verdict, who had not been prejudiced by it had it gone contrary." "Every estoppel ought to be reciprocall, that is, to binde both parties; and this is the reason, that regularly a stranger shall neither take advantage, nor be bound by the estoppel." Co. Litt. 352, *a.* If the verdict had been the other way, the defendants could not have availed themselves of it against the administrator in this action, or elsewhere. "It would be unjust, therefore, to permit it to be introduced

against the town. Estoppels are mutual." PARKER, C. J., in *Fogg* v. *Plumer*, 17 N. H. 112, p. 115.  1 Phil. Ev. 326, 327 ; Cowen & Hill's Note 571.

*Verdict set aside. New trial.*