The opinion of the Court was drawn up by
Kent, J.
This action was instituted by the husband and wife, against the defendant as a common carrier of passengers, for injuries sustained by the wife alone. The only ground of damage'1 set forth in the declaration, is the alleged injuries to the person of the wife. The wife has died since the entry of the action. • The husband has been appointed administrator on her estate. A motion was filed, setting forth the fact of the death of the wife, and declaring, as the ground of the motion to dismiss the action, that it cannot be prosecuted by the husband as survivor, and that the cause of action does not survive, and that there is no provision of law authorizing the appearance of an administrator to prosecute the suit. This motion was sustained pro forma.
This action survives, if there are proper parties to prosecute it. Hooper v. Gorham, 45 Maine, 209.
*88 The defendant insists that it cannot be prosecuted by the husband, as surviving plaintiff, under § 10, c. 87, R. S.
He further contends, that it cannot be prosecuted by an administrator of the wife’s estate, because there is a plaintiff in the writ still living, and that he and the administrator cannot be joined.
We think that the first point is well taken. The husband' was a necessary party to the suit. It is one where the cause of action would survive to the wife. Sanford v. Augusta, 32 Maine, 536; Clapp v. Stoughton, 10 Pick., 463.
But it is contended that he had no such right or interest as would enable him to prosecute the suit in his own name, after the death of the wife. Chitty on Pleading, 74; Reynolds v. Robinson, 2 Maine, 127.
The survivor, named in the statute, must be .one who can do what the statute authorizes a survivor to do, viz., prosecute the suit further in his own name.
Assuming the position of the defendant’s counsel to be correct, the husband is but an enabling party, a side supporter, and not the actor. He is only required to be joined by reason of the marriage relation, which considers husband and wife one, and which does not allow the wife to sue alone. He may be likened to a guardian, in whose name an action is brought for his ward. The husband, by joining with the wife in the suit, does not acquire a right on the ground of having reduced the claim to possession. 2 Kent’s Com., 124.
The defendant, whilst insisting that the husband is not a party, so that he can prosecute as a survivor, under § 10 of c. 87, contends that he is a party of record, and that there is no power in the Court to allow an amendment, by striking him out as he now stands, or to allow him to describe himself as administrator of his wife’s estate. According to this position, he is a party without power to move or act to enforce the suit, and yet he must stand in the writ to prevent any other party from prosecuting it.
It is very clear that such a result is against the spirit and *89 manifest intention of the Legislature. The object of the statute is-to prevent the abatement of actions. It intends that all actions, when the cause survives, may be continued in Court and prosecuted, either by the survivors or the administrator. It seeks to avoid the necessity of commencing new actions, in such cases, after the death of a party.
In this case, we think that the husband, being a mere nominal party in effect, having no right to be in the writ, except as aid and supporter of his wife and as one with her, dies as a party when his wife dies, and may therefore withdraw, as the husband, to allow the administrator to come in..
It is said, that this will leave the suit without any plaintiff in Court, for the time intervening between his withdrawal and the coming in of the administrator. If this would be so, it is but the common case contemplated by the statute where there is but a single plaintiff and he dies pending the action.
The Court in Massachusetts have taken the same view we have now taken, in a case similar in all respects to the one before us and under a similar statute. Pattee v. Harrington, 11 Pick., 220. Iu that case, the husband, who was administrator, was allowed to come in, although he was an original plaintiff with his wife, iu a case that survived. The same decision was made in Crozier v. Bryant, 4 Bibb, 174.

Exceptions sustained.

Appleton, C. J., Eice, Cutting, Davis and Walton, JJ., concurred.