CHARLES A. HOOPER *versus* SYLVANUS G. HASKELL *& als.*

In the trial of an action brought in the name of the plaintiff alone, for injuring his property, destroying his business and violently expelling him and his wife from the town, — neither the wife's " mental anguish in being separated from her husband," nor her " feelings as a woman, compelled to abandon a chosen residence and turn her back on associations formed in early life," is a matter for the consideration of the jury in estimating the damages.

## ON EXCEPTIONS.

TRESPASS for violently and unlawfully expelling and banishing the plaintiff and his wife from the town of Deer Isle, and breaking up the plaintiff's business as a merchant, injuring his property, making his wife sick, " whereby he lost her comfort and services, and has been put to great expense for medicine and medical aid, in consequence of the acts of the defendants."

The presiding Judge instructed the jury, *inter alia*, that the amount of damages for injury to the plaintiff's wife, her health, shock to her nervous system, the physical harm, mental anguish in being separated from her husband, her feelings as a woman compelled to abandon a chosen residence and turn her back on associations formed in early life, were all matters for their consideration in estimating the damages.

The verdict was for the plaintiff, and the defendants alleged exceptions.

*W. G. Crosby,* for the defendants.

*Jewett & Boyle,* for the plaintiff.

WALTON, J.—The plaintiff in his declaration avers that his wife was made sick, that he thereby lost her comfort and services and was put to great expense for medicine and medical aid, in consequence of the illegal acts of the defendants. For such injuries he was undoubtedly entitled to recover damages. But the action being in his name alone,

he could not recover for her " mental anguish in being sep-
arated from her husband," nor for her "feelings as a woman
compelled to abandon a chosen residence and turn her back
on associations formed in early life." Damages for such
injuries, if recoverable at all, can only be recovered in an
action in which husband and wife join. On this point the
instructions of the presiding Judge were erroneous. See
opinion of the Court in *Laughlin* v. *Eaton*, 54 Maine, 156,
and authorities there cited.        *Exceptions sustained.*

                                     *New trial granted.*

APPLETON, C. J., KENT, BARROWS and DANFORTH, JJ.,
concurred.