## ORPHA WILSON *v.* WILLIAM WILSON.

LIMITATION OF ACTIONS AS TO MARRIED WOMEN.—In this State, prior to 1863, if a married woman was entitled to maintain an action on a promissory note, the Statute of Limitations did not run as against her right of action during her coverture. Since 1863 the Statute of Limitations runs against a married woman in all those actions to which her husband is not a necessary party plaintiff with her.

WIFE MAY SUE HUSBAND.—A wife may maintain an action against the husband to recover money due upon a promissory note executed by the husband to the wife before marriage, and which is the separate property of the wife.

IDEM.—The statute giving the husband the management and control of the separate property of the wife during marriage does not affect the right of the wife to bring such action.

MANAGEMENT OF WIFE'S SEPARATE PROPERTY.—If the husband manages the separate property of the wife, he must manage it *as* her separate property, and she is entitled to enjoy the income.

ACTION BY WIFE AGAINST HUSBAND.—There is no statutory limitation as to the kind of actions that may be maintained by the wife when they concern her separate property or are against her hsband.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court

*J. H. Budd*, and *L. T. Carr*, for Appellant.

A married woman could always, under our Practice Act, commence and maintain an action for her separate property, without joining her husband. (Pr. Act, Sec. 7.) But coverture was, in contemplation of said Act of 1850, such a disability that it prevented the Statute of Limitations from running against a married woman, although her husband

might not be a necessary party with her in commencing such action. Statutes of Limitations do not act retrospectively. (*Nelson* v. *Nelson*, 6 Cal. 433; *Lehmaier* v. *King*, 9 Cal. 374; *Scarborough* v. *Dugan*, 10 Cal. 308; 1 How. U. S. 311; 2 How. U. S. 608.) If so, the Act of 1863, changing the statute of 1850 in relation to disability of married women, did not act until April 18th, 1863, and plaintiff had four years from April 18th, 1863, within which to commence her action. The action was commenced November 1st, 1866, by filing the original complaint. The four years had not then elapsed since the passage of the Act of April 18th, 1863. Plaintiff had a right to maintain an action against defendant, although he is her husband. (Prac. Act, Sec. 7; *Kashaw* v. *Kashaw*, 3 Cal. 312; *Van Maren* v. *Johnson*, 15 Cal. 308; *Snyder* v. *Webb*, 3 Cal. 86.)

*Coffroth & Spaulding*, for Respondent.

If we understand counsel, they claim that the statute has never commenced to run because the plaintiff has always been a married woman; and in support of this proposition they cite the twenty-third section of the Act of 1850, and also the amendment of April 18th, 1863.

Both of the sections referred to contemplate a disability on the part of the wife. They were intended to provide for cases where the wife has been unable to commence a suit, and not to cases which concern the separate property of the wife, and for which she may have her right of action at any time, except as against her husband. But we contend that under no circumstances can the present action be maintained.

Our statute provides as follows:

"The husband shall have the management and control of the separate property of the wife during the continuance of the marriage; and the personal property of the wife shall not be sold, assigned, or transferred unless both husband and wife join in the sale, assignment, or transfer; except property

which she is or may be authorized by law to sell, assign, or transfer as a *feme sole.*" (Hittell's Digest, Vol. I, Sec. 3,568.)

This is the law, as amended by the Act of 1862, and there can be no doubt that the husband is entitled to the immediate and exclusive custody and control of all the separate property of the wife, as well real as personal. (*Kays* v. *Phelan*, 19 Cal. 120.)

The law holds no such absurd doctrine as that the wife can recover what the husband is by law entitled to hold. If the husband should mismanage the separate estate of the wife, or become disqualified, from insanity, drunkenness, or any other cause, to manage such estate, then doubtless the wife could go into equity and maintain an action against her husband, to recover her separate property from his possession and place it in the hands of some competent person. But there is nothing of this kind in the present case, and we cannot conceive what the plaintiff expects to obtain. Does she wish to have the notes declared to be her separate property?

By the Court, SAWYER, C. J.:

On the 17th of September, 1856, the defendant, William Wilson, executed in favor of the plaintiff, Orpha Wilson, two promissory notes for the sums of one thousand dollars and one thousand three hundred dollars respectively, each payable five years after date. The notes consequently became due on the 20th of September, 1861, and a right of action then accrued, which had become barred by the Statute of Limitations, requiring an action to be commenced within four years, on the 22d of September, 1865, unless it was saved by some disability recognized by the statute, existing at the time the right of action accrued. This suit to recover the amount due on said notes was commenced on the 1st of

November, 1866—more than a year after the expiration of four years from the maturity of the notes.

In the year 1857, before the maturity of the notes, plaintiff and defendant intermarried, and they have ever since been, and they now are, husband and wife, and residents of said State. The sum due and the notes are the separate property of the wife

The complaint avers the facts stated. Defendant demurred, relying upon the grounds—firstly, that the cause of action is barred by the Statute of Limitations; secondly, that the facts stated do not constitute a cause of action in favor of the wife against the husband. The District Court sustained the demurrer, and rendered judgment for defendant. Plaintiff appeals from the judgment.

Section twenty-three of the Statute of Limitations of 1850 provides that, "if a person entitled to bring an action mentioned in the last preceding chapter [which includes the case in question] * * * be, at the time the cause of action accrued, either, first, within the age of twenty-one years, * * * or, fourth, a married woman, the time of such disability shall not be a part of the time limited for the commencement of the action." (Stats. 1850, p. 346, Sec. 23.) The fourth category of the twenty-third section was amended in 1863 by adding a clause, so that it now reads: "Fourth— A married woman, *and her husband be a necessary party with her in commencing such action.*" (Stats. 1863, p. 326, Sec. 5.) As the provision now stands, the statute runs against a married woman in all those actions to which her husband is not a necessary party with her in commencing the action, the same as against other parties. Under the Act, as it formerly stood, although a wife might sue alone with respect to her separate property, under the seventh section of the Practice Act, and there was, in fact, no absolute disability to maintain such actions, yet coverture was recognized as a disability by the twenty-third section of the Statute of Limitations, so far as the purposes of that Act are concerned. It as clearly excepted married women from the provisions of the Act,

while the coverture lasted, and where the cause of action accrued during coverture, as it did infants, insane persons, etc. And there is no more reason for confining the operation of the Act by construction to those cases wherein it was necessary to join the husband, on the ground that there was no real disability in such cases under the Act, than there is for taking infants out of the provision by some strained construction; for there is really no absolute disability to sue on the part of the latter. An infant could always sue, but he is required to appear by guardian instead of by attorney. (Prac. Act, Sec. 7; *Fox* v. *Minor*, 32 Cal. 111.)

At the time the notes in question matured and the cause of action accrued, the plaintiff was a married woman, and within the exception, and the time which subsequently elapsed till the adoption of the amendment in 1863 is not to "be a part of the time limited for the commencement of the action." And section six of the amendatory Act of 1863, also, provides, "that a person now laboring under a disability existing according to the provisions of the said Act, to which this Act is amendatory, but which is not held or declared a disability by this Act, shall have five years after the passage of this Act in which to commence such action or make such defense." (Stats. 1863, p. 327, Sec. 6.) The plaintiff being one who, to avoid the statutory bar, was entitled to avail herself of her coverture, which was recognized by the former Act as a disability for the purposes of that Act, but which is not declared to be a disability under the amendatory Act in those cases where the husband need not be joined, is within the provision cited, and her action was commenced within the time limited.

The other question, whether the wife, during coverture, can maintain an action against the husband to recover money due upon a note executed by him in favor of the wife before marriage, and which is the separate property of the wife, is a novel one. We are not aware that the question has ever before been presented for adjudication. It was held in New York by the Supreme Court of the Third District, under the

several recent Acts authorizing married women to acquire and hold separate property, and to maintain suits for injuries either to her person or property, that she could not maintain an action against the husband to recover damages for an assault and battery. (*Longendyke* v. *Longendyke*, 44 Barb. 366.) But that is a different question from the one now presented. Our Constitution provides, that "all property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterwards by gift, devise, or descent, shall be her separate property." (Const., Art. XI, Sec. 14.) The Act defining the rights of husband and wife contains a similar provision, (Sec. 1,) but it also provides that "the husband shall have the management and control of the separate property of the wife during the continuance of the marriage." (Sec. 6.) And on this last provision respondent bases his sole objection to the maintenance of the action. It is said in argument that the husband has the management and control of the wife's separate property during coverture, and that it would be absurd to allow a recovery when he has the rightful possession and control, and if a recovery were had, he would still be entitled to the possession and control.

But if this provision of the statute is conceded to be constitutional, we do not perceive that it necessarily affects the right of the wife to recover in this action. The debt is a debt due from the husband to the wife, incurred before marriage. It will be the separate property of the wife, when recovered. The husband has never paid it. He refuses to pay, or recognize her right. He is not now managing and controlling the money due as the separate property of the wife. It has never come to her estate in that character. If the husband pays over the money to the wife, it must, then, be managed, even if the management be in the husband, as the separate property of the wife, and she would be entitled to enjoy the income, or the money itself as separate property. Whereas now she is deprived of its use and enjoyment, because the debtor declines to pay it, or

to place it in the category of the wife's separate estate. The suit may be necessary to ascertain the character of the property, or whether there is property in the hands of the husband which ought to be managed and disposed of as separate property. This is a question of indebtedness arising between two distinct and different estates. How is the wife to avail herself of the use of the property, or place it in the category of her separate estate, unless she can recover it from the debtor? The debtor claims that the Statute of Limitations is running against her. How is she to avoid the bar, if she cannot sue, and the debtor will not pay without suit? There is no provision to prevent the statute's running in such case. Section eight of the Act defining the rights of husband and wife, which authorizes the appointment of trustees, may sometimes be a useful remedy in the case provided for, but we see no reason for supposing it to be the sole remedy. Besides, it does not cover all cases. The husband may manage the estate admirably, and commit no waste, yet deprive the wife of all enjoyment of its fruits. He may choose to hoard it rather than appropriate it to her present enjoyment. The provisions are very narrow in their scope.

But section seven of the Practice Act authorizes the wife to sue alone " when the action concerns her separate property," and, also, "when the action is between herself and her husband." There is no limitation as to the kind of actions that may be maintained "between herself and her husband;" and section three hundred ninety-five, as amended in 1865–6, authorizes the husband and wife to testify on their own behalf, or on behalf of each other, as witnesses in actions between themselves, *except in actions of divorce*. This provision contemplates that there may be actions between husband and wife other than those relating to divorces. What are they, unless relating to rights of property? Disputes with respect to property may arise between them when the separate existence of the wife, and a separate right of property is recognized at law, as in this State, as well as other matters; and when they do arise, there is as great

necessity for a judicial determination of the questions, as when they arise between other parties. A litigation of the kind between husband and wife may be unseemly and abhorrent to our ideas of propriety, but a litigation in one form can be no more so than in another, and no more so than the necessity itself which gives rise to the litigation. The present policy of the law is to recognize the separate legal and civil existence of the wife, and separate rights of property, and the very recognition by the law of such separate existence, and rights at law, as well as in equity, to hold and enjoy separate property, involves a necessity for opening the doors of the judicial tribunals to her, in order that the rights guaranteed to her may be protected and enforced. The right to bring actions is accordingly recognized in the sections referred to, and no limitation is imposed as to the character of the actions. The contracts sued on were valid contracts at the time they were made. The marriage did not divest the wife of her debt. The law made it separate property. The husband fails and refuses to pay, and unless the wife can enforce payment in this action, she is without remedy, and she may never be able to enjoy the benefit of her property. Until the money is paid, the debt cannot be made available to the separate estate of the wife; and unless voluntarily paid, payment must be enforced by suit, or it will be lost. There is a right in favor of the wife and against the husband, as clearly recognized by the law as if the debt were due from a stranger. If there is a right there must be a remedy. If the debtor were a stranger this action could be brought by the wife alone. The right being the same as in the case of a stranger, we can perceive no reason why the remedy should not be the same, unless the law has provided otherwise; and we find no other provision adequate to the occasion, and no provision forbidding this remedy. We find the right of the wife to sue the husband expressly recognized, and the right is not limited to any particular action, or class of actions. We think the suit properly brought, and that the facts stated in the complaint are

sufficient to constitute a cause of action in favor of the plaintiff against the defendant.

Judgment reversed, with directions to the District Court to overrule the demurrer, with leave to defendant to answer in pursuance of the usual practice.