## ESTATE OF DAVID C. BRODERICK.

No. 1079—Oct. 9, 1872.

REVOCATION OF PROBATE. — NON-RESIDENT ALIEN HAS, AFTER TEN (AND POSSIBLY FIVE) YEARS NO INTEREST IN ESTATE ENTITLING HIM TO ASK FOR REVOCATION OF PROBATE OF WILL.—UNDER THE CLAUSE MAKING PROBATE CONCLUSIVE AFTER ONE YEAR, SAVE AS TO PERSONS LABORING UNDER DISABILITY, COVERTURE IS NOT A DISABILITY.

---

Decedent died Sept. 16, 1859. Will admitted to probate Oct. 16, 1860. Petition by non-resident aliens filed, April 29, 1871, for revocation, on the ground that will is a forgery, and alleging that one of petitioners had theretofore suffered under disability of coverture.

HELD, that Statute of April 19, 1856, relating to escheated estates (Statutes 1856, p. 137) bars all interest in the estate, whereon a right to contest will could be based; and that married women labor under no disability in view of the right to sue and be sued without joinder of husband or next friend.

Construing sections, C. C. 672; C. C. P., 1269–1272, 1327, 1333; statutes 1856, p. 137.

*W. W. Chipman* and *M. G. Cobb*, for petitioners.

*S. M. Wilson, D. D. Colton & R. C. Harrison*, for executor.

By the COURT: This is a petition by Ann Wilson and Ellen Lynch for revocation of the probate of the will of deceased. The petition was filed April 29, 1871.

The petitioners allege that they are daughters of the only sister of deceased's father; that at the time of the death of deceased, said Ellen was a married woman and a resident of Sydney, New South Wales, at which place she resided until about June, 1870, and that for about ten months prior to filing said petition she was a resident of this city, and was then a widow; that at the death of said deceased said Ann was a married woman residing in the colony of Queensland, Australia, where she has ever since resided, and never was in this State, and that her husband died June 4, 1870. Both petitioners were foreign born. The petitioners allege the pretended will of deceased to be a forgery; that neither of them ever heard of the death of deceased until about February, 1868, and never heard of the forgery nor of the probate proceedings until within three years next before the filing of the petition, to wit, about May, 1869.

The following facts appear of record:

Deceased died September 16, 1859; October 16, 1860, the will was admitted to probate. The inventory was filed September 24, 1861, real estate valued at $235,850, and personal property at $7,046.79; debts have been allowed and approved, many thousands of dollars in excess of the personal property, and real estate has been sold to pay the excess.

The executor, John A. McGlynn, moves to dismiss the petition upon two grounds, viz:

1.   The petitioners were non-resident aliens at the death of deceased and for more than ten years thereafter, and the petition was not filed until more than ten years after his death; and whatever rights they might have had are barred by the statute of April 19, 1856, relative to escheated estates. (Stat. 1856, p. 137.)

2.   Sec. 30 of the Probate Act gives one year after probate of a will within which to contest, and Sec. 36 makes that year a bar.

As to the first point: The personal property was absorbed for the payment of debts.   Aliens, non-resident, have no inheritance of real estate except as given by the Act of April 19, 1856, which provides "that no non-resident foreigner or foreigners shall hold or enjoy any real estate situated within the limits of the State of California five years after the time such non-resident foreigner or foreigners shall inherit the same;" and provides that if they do not appear within said five years, the property shall be sold, the proceeds deposited with the State Treasurer, and if not called for within other five years, such estate or proceeds shall be the property of the State and go to the school fund.   Under this statute the petitioners had no interest in the estate of deceased after Sept. 16, 1869, ten years after his death; and it may be seriously doubted if they had any remedy in this Court after Sept. 16, 1864, five years after the death.  Having no interest in the estate, they cannot question the validity of the will.

This case is not one where a foreigner is entitled to take and hold until office found.   That principle applies only to a resident foreigner taking by *purchase*.   At common law, a resident alien was permitted to take by purchase, and hold until office found; but he could not take by inheritance even for a day; he had no inheritable blood; he could not, even, be a conduit to a citizen.   Our Constitution has removed that disability as to resident foreigners; but as to non-resident foreigners, the law is as before, except as modified by the act of 1856.   At common law, a devise to a non-resident alien was void; neither could he inherit.   Under the act of 1856, he may take, *provided;* the act gives a right where none before existed, and the proviso is a part of it; a person, to

have the benefit of such an act, must show himself within all its provisions. The petitioners had no interest in the real estate of the deceased, *as* real estate, after five years from his death; the five years was a limitation; and unless they claimed the real estate within five years, their right to claim was lost; they being then limited to claim the proceeds.

As to the second point: Sec. 36 of the Probate Act provides, "If no person shall, within one year after the probate, contest the same, or the validity of the will, the probate of the will shall be conclusive; saving to infants, married women and persons of unsound mind a like period of one year after their respective disabilities are removed." From the petition it does not appear when the husband of the petitioner Ellen Lynch died; whether one year or five years before the petition was filed. But from the view I take of the law, it does not matter. The common law disability of a married woman was that she could not sue in her own name; she sued by her next friend. She was under no other disability regarding the enforcement of her rights. Sec. 7 of the Practice Act removes this disability by declaring that when the action concerns her separate property, she may sue alone. Sec. 293 of the Probate Act applies Sec. 7 to Probate proceedings. The Courts are as open to a married woman, in her own name, concerning her separate property, as to any person. So, she may sue alone if the action be between herself and her husband. No one would claim that a married woman must sue by next friend, if she have a controversy with her husband concerning her separate estate, or wait for divorce or death; yet she is under disability in the one case as much as in the other. At common law, an infant is under the disability that he cannot sue except by his guardian, or next friend; now, if our statute provided that an infant might sue alone, it could hardly be contended that he was under disability to sue.

In *Leonard* v. *Townsend*, 26 Cal., 446, the Court held that Sec. 7, authorizing a married woman to sue and be sued alone, "removes the disability of coverture."

In *Wilson* v. *Wilson*, 36 Cal., 454, the Court, by Sawyer, C. J., say that "the present policy of the law is to recog-

nize the separate legal and civil existence of the wife and separate rights of property; and the very recognition by the law of such separate existence and rights, at law as well as in equity, to hold and enjoy separate property, involves a necessity for opening the doors of the judicial tribunals to her, in order that the rights guaranteed to her may be protected and enforced."

The object of Sec. 36 of the Probate Act is to give one year in which to contest the probate of a will, and that after that year all persons except those under disability shall hold their peace.   It is wise that *some* time shall be limited; the wisdom of fixing *one year* is with the Legislature.

If it be correct that a married woman may sue alone regarding her separate property, I fail to see how she is under the disability that she cannot sue.   The disability intended by Sec. 36 is not *coverture;* coverture is a condition; and disability (if it exist) is a result of that condition.   The disability meant by this section is, an incapacity to contest the will or its probate; and if she may contest it in her own name, she is not under disability as to that.   The section certainly cannot mean her inability to make a contract, or any other disability under which she may rest by reason of her coverture.   The statute does not say that she may have the year after the removal of the coverture; but, one year after the *disability* is removed.   If the disability be removed by statute, it is as much removed as if it were removed by death of the husband or divorce.

The petitioners had one year after the probate of the will in which to file their petition for revocation; failing to do so, they are barred.

Order made dismissing petition.