FINK et al. v. CAMPBELL et ux.

(Circuit Court of Appeals, Sixth Circuit.    November 6, 1895.)

No. 346.

1. LIMITATION OF ACTIONS—DISABILITY OF COVERTURE—JOINT SUIT BY HUS-
   BAND AND WIFE.
   The exception in the statute which prevents the limitation from run-
   ning against a married woman during the disability of coverture (Rev.
   St. Tenn. [Mill & V. Code 1884] § 3451) does not disqualify her from
   suing to recover damages for personal injuries, before the disability is
   removed, if she joins her husband as a nominal plaintiff.

2. TORTS—PERSONAL INJURIES TO WIFE—SEPARATE CAUSES OF ACTION.
   Two entirely separate causes of action may arise from an injury to
   the person of a wife during the disability of coverture,—one for the in-
   jury to her, and the other for the damages resulting to the husband
   from the loss of her services and society, as a consequence of the
   injury.    Though these rights of action have their origin in the same in-
   juries, the damages are distinct, and cannot be recovered in one ac-
   tion.

3. SAME—JOINT SUIT—WIFE'S CAUSE OF ACTION.
   The only damages resulting from personal injuries to a wife which
   may be recovered in a joint action by husband and wife are those ac-
   cruing to the wife herself, and which would survive to her on the death
   of her husband.

4. LIMITATION OF ACTIONS — WAIVER OF EXCEPTIONS—PERSONAL INJURIES TO
   WIFE—JOINT ACTION.
   The fact that a wife who has sustained personal injuries during the
   disability of coverture elects to sue upon her cause of action before
   the disability is removed, and to that end necessarily joins her husband
   as nominal plaintiff, does not operate as a waiver of the exception in
   her favor, contained in the statute of limitations; and she may bring
   such suit any time during coverture, even though the husband's sep-
   arate cause of action would be barred.

In Error to the Circuit Court of the United States for the Northern
Division of the Eastern District of Tennessee.

This was an action by George F. Campbell and Mattie E. Campbell,
his wife, against Henry Fink and others, as receivers of the East
Tennessee, Virginia & Georgia Railway Company, to recover dam-
ages for personal injuries sustained by said Mattie E. Campbell dur-
ing coverture.    In the court below, there were a verdict and judg-
ment for plaintiffs, and defendants sued out this writ of error.

Wm. L. Welcker, for plaintiffs in error.

Isaac Harr and Burrow Bros., for defendants in error.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

LURTON, Circuit Judge.    The Tennessee statute of limitations
provides that all actions for "personal injuries" shall be brought
within one year from after cause of action accrued.    Rev. St. Tenn.
(Mill. & V. Code 1884) § 3469.

This cause of action is for a personal injury sustained by Mrs.
Campbell, wife of George F. Campbell, more than one year after
cause of action arose, and is barred unless within the saving clause
of the same statute.

By section 3451, Rev. St. Tenn. (Mill. & V. Code 1884), it is provided that:

"If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of twenty-one years; or (2) of an unsound mind; or (3) a married woman; or (4) beyond the limits of the United States, or the territories thereof,—such persons, or the representatives and privies, as the case may be, may commence the action after the removal of such disability, within the time of the limitation for the particular cause of action, unless it exceed three years, and in that case, within three years after the removal of such disability."

The declaration alleged that the injuries for which the suit was brought were exclusively those to the person of Mrs. Campbell, who was then, and had ever since been, the wife of George F. Campbell, who joined in the suit as husband. Having neglected for one whole year to bring this suit, the question for determination is whether or not this default operates to suspend Mrs. Campbell's right of action until after the removal of the disability of coverture. The plaintiffs in error made the point by pleading the statute of one year. To this plea the defendants in error demurred. The court sustained the demurrer, and this is the only error assigned.

That Mrs. Campbell may sue within one year after the removal of her disability of coverture is the plainly expressed language of the saving clause of the Tennessee statute, heretofore set out. Whirley v. Whiteman, 1 Head, 610; Cargle v. Railroad Co., 7 Lea, 719; Alvis v. Oglesby, 87 Tenn. 182, 10 S. W. 313. Is there anything in this statute that will prevent her from suing at any time during her disability, her husband consenting to join with her, or must she sue within one year after the right of action accrued, on penalty of suspension of her right of suit until disability be removed? The common-law rule which requires the joinder of husband and wife in a suit for an injury to the person or character of the wife has not been affected by legislation in Tennessee. The saving clause of the statute in respect of the disability of coverture is in the same terms as those in respect of the other disabilities, of infancy or unsoundness of mind, and there is no essential difference between this clause of the Tennessee statute and the seventh section of the English statute of 21 Jac. I. If an infant may sue at any time during disability by prochein ami, or a lunatic by guardian, it would seem that a married woman may likewise sue with the co-operation of her husband at any time during coverture, or bring her separate suit within the time allowed by the saving clause, unless there be something peculiar to an action for an injury to the person of the wife which constitutes it a joint tort against husband and wife. That an infant may sue at any time during infancy by next friend, and that to such a suit the statute of limitations would be no defense, seems to be clear on reason and authority.

In Chandler v. Vilett, 2 Saund. 120. it was ruled that if an infant brought an action of assumpsit during his infancy, but after six years from the time the cause of action accrued, and the defendant pleaded the statute of six years' limitation, it would be a good replication that when the cause of action arose, and when the suit was brought, the plaintiff was and still is an infant.

This construction of the saving clause as permitting suit to be brought at any time during the disability was followed in respect of the disability of imprisonment. Piggott v. Rush, 4 Adol. & E. 912.

In Strithorst v. Graeme, 3 Wils. 145, it was said:

"An infant may sue before he comes of age if he pleases, but, if he does not, he has six years after he comes of age to bring his action. While any of the disabilities mentioned in the statute of limitations continue, the party may, but is not obliged to, commence his action. The statute does not run while any of those disabilities continue."

So in Whirley v. Whiteman, heretofore cited, it was said that an infant may sue for a personal injury at any time during infancy by prochein ami; or he may postpone doing so, and bring his suit at any time within one year after arriving at age.

And in Cargle v. Railroad Co., also cited above, it was said by Cooper, J.:

"The right of action of a person under disability is protected against lapse of time by statute. An infant may therefore sue by next friend during minority for damages to his person, or in his own name after he comes of age, within the time prescribed." 7 Lea, 719.

That the statute does not run against persons under the disabilities mentioned in the statute of limitations is well settled. 2 Wood, Lim. Act. § 240, and cases cited.

The further objection, that the default of the husband in bringing suit with his wife within one year after a right of action arose has operated to bar him, or any suit in which he must join his wife, is based upon a misconception of the nature of a suit for a tort upon the wife. Two entirely separate causes of action may arise from an injury to the person of the wife during the disability of coverture,—one for the injury to the wife, and the other for the damages resulting to the husband for the loss of the services and society of the wife, as a consequence of the tortious injury his wife had sustained. Though these rights of action have their origin in the same injuries, the damages are distinct, and cannot be recovered in one action. 2 Bish. Mar. Wom. §§ 272, 273; 2 Thomp. Neg. § 1240; Smith v. City of St. Joseph, 55 Mo. 456; Mosier v. Beale, 43 Fed. 358; Monroe v. Maples, 1 Root, 422; Newton v. Hatter, 2 Ld. Raym. 1208; Matthew v. Railroad Co., 63 Cal. 451.

Neither can the husband sue for and recover damages for the injury sustained by his wife. The pain and suffering she has endured will not support an action by the husband. To recover such damages the suit at common law must be in the name of the husband and wife. Though such a claim for damages constitutes a postnuptial chose in action of the wife, yet, inasmuch as it has its origin in a tort by which the person of the wife has sustained injury, it differs materially from the wife's choses in action arising out of claims for money or personal property which accrue during coverture. While an action upon a money or property claim accruing to the wife may be prosecuted by the husband alone, it is well settled that an action for a tort on the wife's person, or a slander touching her character, can be brought during coverture only by a suit in which husband and wife are joined as plaintiffs. 2 Add.

Torts (Wood) § 1294. Though this joinder is essential, it is not because the tort is joint, or the action one in which the damages sustained by each can be recovered. Two persons injured at the same time and by the same tort cannot join in one suit, for it is difficult to conceive of a joint right of action for a tort upon two or more persons. Martin, Hist. Lawsuit, p. 65; 1 Chit. Pl. 73; Bish. Mar. Wom. §§ 273, 274; Laughlin v. Eaton, 54 Me. 156; Hooper v. Haskell, 56 Me. 251. In Newton v. Hatter, 2 Ld. Raym. 1208, the plaintiffs were husband and wife, who sued for a battery committed on them both, and there was judgment by default. Judgment was arrested, "because the wife cannot join in an action with the husband for a battery on the husband." A new action was brought only for the battery committed on the wife, to the damage of the husband. There was judgment for the plaintiff, which was arrested upon the ground that the ad damnum should have been for the damages sustained by the wife, "the damages in such case surviving to the wife if the husband dies before they are recovered." Thus, the only damages recoverable in a joint suit by husband and wife are for those sustained by the wife by reason of the injury to her person, and which would survive to the wife on death of her husband before or after judgment, and before actually received. So peculiarly is this action the action of the wife that, if the husband dies pending the suit, the wife may proceed without any revivor, and, if the wife die pending coverture, the suit at common law would abate. 4 Bac. Abr. "Baron & Feme," K. Under statutes preventing abatement, such an action would survive to her administrator, and abate as to the husband, unless, as sometimes held, he may prosecute as sole distributee of the wife. 2 Bish. Mar. Wom. § 272; Norcross v. Stuart, 50 Me. 87; Bream v. Brown, 5 Cold. 168; Trafford v. Express Co., 8 Lea, 96; Earl v. Tupper, 45 Vt. 283; Wilson v. Wilson, 36 Cal. 447.

The necessity for the joinder of husband and wife has its origin in the common-law theory of the unity of husband and wife; for, as expressed by the supreme court in Barber v. Barber, 21 How. 589, "she is deemed to be under the protection of her husband, and a suit affecting her rights must be by the consent and co-operation of her husband." This joinder of the husband is therefore purely formal. He is, as put by the books, "a nominal party," or "joined with her for conformity." 2 Add. Torts (Wood) § 1294; 5 Am. & Eng. Enc. Law, 44; Suth. Dam. § 1252; 2 Thomp. Neg. § 1240; Wilson v. Wilson, 36 Cal. 447; Norcross v. Stuart, 50 Me. 87; Trafford v. Express Co., 8 Lea, 97; Bream v. Brown, 5 Cold. 168. In the case of Norcross v. Stuart, heretofore cited, the court describes the relation of the husband in language subsequently adopted by the supreme court of Tennessee in Bream v. Brown, cited above, as "an enabling party, not the actor." A mere "side supporter, having no right to be in the writ, except as the aid and support of the wife, and as one with her." The wife's injury is the meritorious cause of action, and in legal effect it is the action of the wife. If the statute of limitations does not operate to bar her action, this suit is not

barred, for the husband has independently of her no right of action whatever. In Tennessee the statutes of limitations apply to the cause of action, and are not directed to the mere form. Alvis v. Oglesby, 87 Tenn. 182, 10 S. W. 313; Hughes v. Brown, 88 Tenn. 593, 594, 13 S. W. 286.

The statute relied upon by plaintiffs in error is one which bars an action for "injuries to the person," unless commenced within one year. If this is in effect the action of Mrs. Campbell for "injuries to her person," then the replication that she was a married woman when the injuries were sustained, and has been continuously a married woman, brings her cause of action within the saving clause of the statute. Wilson v. Wilson, 36 Cal. 447. By bringing her suit pending disability, instead of waiting for the period allowed by law after disability is removed, she has not thereby waived the benefit of the saving clause of the statute, no more than would an infant. Jackson v. Ransom, 10 Johns. 409; Chandler v. Vilett, 2 Saund. 120.

The learned counsel for plaintiffs in error have cited and relied upon a class of cases holding that, where there is a disseisin of the wife's land during coverture, the action to recover possession must be one by both husband and wife, and, if such joint action is not brought and successfully prosecuted within the period limited by the statute, the action is barred, and the wife cannot sue until the removal of the disability of coverture. Guion v. Anderson, 8 Humph. 325; Weisinger v. Murphy, 2 Head, 676. Those cases rest distinctly upon the theory that the husband, by marriage, acquires as estate of freehold in the wife's lands, which will continue during the marriage, and, by possibility, for the life of the husband. During the marriage this estate, though a freehold, is one in right of the wife, and therefore a joint estate with the wife; and, as described by the common-law pleaders, "the husband and wife are jointly seised in right of the wife." Clancey, Husb. & Wife, 161, 162; Tyler, Inf. 395. The Tennessee courts, in view of this common-law joint estate, have, in the cases cited and others, held that a disseisor by operation of the statute acquires this joint estate, and that until it has expired by dissolution of the marriage, the wife cannot maintain an action to recover possession. By subsequent legislation, the freehold of the husband was so cut down as that the husband could not sell or dispose of it by his deed, nor could it be sold by any judgment or decree against him, nor the husband and wife be ejected therefrom under any such judgment, execution, or decree against the husband. Acts 1850, c. 36; Rev. St. Tenn. (Mill. & V. Code 1884) § 3338. This statute has been so construed as to allow married women to bring in equity a separate suit to recover possession at any time during the disability of coverture, and the seven-years statute limiting action for the recovery of lands has been held as not operating to bar such suit. Moore v. Walker, 3 Lea, 657–666; Key v. Snow, 90 Tenn. 663, 18 S. W. 251.

It would seem clear that, if the lapse of the statutory period within which such suits might be brought does not operate to suspend or postpone the wife's separate right of action until after disability

be removed, the same principle is applicable to the wife's suit in which her husband is merely joined for conformity as a nominal party, as in actions like the present one.

We think there was no error in sustaining the demurrer, and the judgment must be affirmed.