THOMPSON *et ux. v.* C., N. O. & T. P. Ry. Co.

(*Knoxville.* September Term, 1902.)

1. **STATUTE OF LIMITATIONS—Defense of, in action at law, may be made by demurrer to declaration.**

In an action at law, when the declaration shows on its face that the cause of action is barred by the statute of limitations, such defense may be made by demurrer. (*Post, pp.* 270-271.)

Cases cited: Whaley *v.* Catlett, 103 Tenn., 347, 351; Dunlap *v.* Gibbs, 4 Yerg., 94; McClung *v.* Sneed, 3 Head, 219; Wyatt *v.* Luton, 10 Heisk., 458.

2. **HUSBAND AND WIFE, Action by, for injury to wife. The husband joined for conformity.**

A cause of action for injuries wrongfully inflicted upon the person of a married woman belongs to her alone and must be instituted in her name, the husband joining as a formal party, and a suit based thereon is for her benefit and can not be dismissed by the husband without the consent of the wife in open court, or in writing proven by two witnesses. (*Post, pp.* 271-273.)

Acts construed: Act of 1849-50, ch. 106, sec. 1; Code, 2487, 3352 (M. & V.), 4248 (S).

Case cited and approved: Fink v. Campbell, 17 C. C. A., 325; (70 Fed. Rep., 667, 668).

3. **STATUTE OF LIMITATION—Married women, action by, for personal injury, within saving clause of statute.**

An action by a married woman for injuries to her person may be brought at any time during her coverture or within one year after the removal of such disability; she is within the saving clause, or exception, of the statute of limitations. (*Post, pp.* 271-275.)

Code construed: Secs. 2757, 3451 (M. & V.); 4448 (S).

Thompson v. C., N. O. & T. P. Ry. Co.

Cases cited and approved: Whirley v. Whiteman, 1 Head, 610; Cargle v. Railroad Co., 7 Lea, 719.

Cases distinguished: Guion v. Anderson, 8 Humph., 325; Weisinger v. Murphy, 2 Head, 674; Lane v. Farmer, 11 Lea, 568.

**4. SAME. Same. Case in judgment.**

In June, 1902, plaintiffs, Thompson and wife, brought suit against defendant railway company in the circuit court of Roane county to recover damages for injuries sustained by the wife on August 28, 1899, and caused by the alleged negligence of defendant company. Declaration set out the facts. Defendant demurred on the ground that the action was barred by the statute of limitation of one year.

HELD: 1st. That the cause of action belongs to the wife. 2d. That the husband is a mere formal party, though upon recovery of judgment he might reduce it to possession subject to the wife's equity. 3d. That the wife, being under the disability of coverture, she was within the saving clause of the statute of limitations, and her right of action was not barred. (*Post, pp.* 270-275.)

---

FROM ROANE.

---

Appeal from Circuit Court of Roane County. N. Q. ALLEN, Judge.

F. B. McELWEE and SANSOM, WELCKER & PARKER, for Thompson and wife.

CHAS. R. HEAD and WRIGHT & WRIGHT, for Railway Company.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This suit was brought June, 1902, in the circuit court of Roane county, by A. P. Thompson and his wife, Ruth C. Thompson, in the right of the latter, against the defendant, to recover damages for injuries sustained by her on August 28, 1899, while she was attempting to take passage on one of defendant's trains at Rockwood, Tenn., caused by the defective condition of the station platform, she being then and yet under coverture.

The defendant demurred to the declaration upon the ground that the action was barred by the statute of limitations of one year, it appearing from the averments of the declaration that the action accrued more than one year before it was instituted; which demurrer was sustained, and the plaintiffs have brought the case to this court by appeal in the nature of a writ of error, and assign the action of the circuit court in sustaining the demurrer and dismissing their suit as error.

The first question presented is whether this defense can be made in an action at law by demurrer, when the cause of action appears from the declaration to be barred by the statute of limitations applicable to it. We are of the opinion that it can.   It has long been the practice in the chancery courts of this State to allow a demurrer where it appears from the face of the bill that the relief sought by the complainant is barred by a statute of limitation.   *Dunlap* v. *Gibbs,*

4 Yerg., 94; *McClung* v. *Sneed,* 3 Head, 219; *Wyatt* v. *Luton,* 10 Heisk., 458.

We can see no reason why a different rule should prevail at law. Demurrers upon this ground have been sustained by this court in actions at law without question as to the practice. *Whaley* v. *Catlett,* 103 Tenn., 347, 351 (53 S. W., 139).

The insistence of the defendant is that this is a joint action of the husband and wife, that it can not be maintained without joinder of the husband, and, as he is barred by the statute relied upon, the wife is also barred, notwithstanding her coverture. This is not the law. The injuries sued for are those sustained exclusively by the wife, and it is her cause of action. The husband is a mere formal party, necessary only on account of her common-law disability to sue alone. When a married woman sustains personal injuries wrongfully inflicted, two causes of action accrue against the wrongdoer,—one in favor of the husband for the loss of her service, society, etc., which he alone has the right to bring; and one in favor of the wife for the injury of her person, for which she must sue, her husband joining her as a formal party, and for which he can not sue. If the husband die during the pendency of the suit brought to recover upon the wife's action, no revivor is necessary or can be had in the name of his representative; while, in the event of her death before the husband, the action at common law abates.

That the cause of action is that of the wife, and that the suit thereon is for her benefit, is recognized by our statute, carried into Shannon's Code at section 4248, enacted to protect her rights in such cases, providing that no suit brought in the name of the husband and wife upon a cause of action accruing to the wife, and which will survive to her, shall be dismissed by the husband without the consent of the wife given in open court, or in writing proven by two witnesses.

It is argued that this is a barren right of the wife, unproductive of any benefit to her during the life of her husband, and that he in fact is the real party in interest, as he may, immediately upon the recovery of judgment, collect it, and make it his absolute property. This is not true. He can not control the suit under the statute before judgment, and after a judgment the wife may enforce her equity to a settlement, and prevent him from reducing it to possession.

Judge Lurton, sitting in the circuit court of appeals for the sixth circuit, in a case arising in this State, involving this question, said: "The necessity for the joinder of husband and wife has its origin in the common-law theory of the unity of husband and wife; for, as expressed in the supreme court in *Barber* v. *Barber*, 21 How., 589 (16 L. Ed., 226), she is deemed to be under protection of her husband, and a suit affecting her rights must be by the consent and co-operation of her husband." This joinder of the husband

is, therefore, purely formal. He is, as put by the books, "a nominal party, or joined with her for conformity." 2 Add. on Torts (Wood), p. 1294; 5 Am. & Eng. Enc. Law, 44; Suth. Dam., p. 1252; 2 Thomp. Neg., sec. 1240; *Wilson* v. *Wilson,* 36 Cal., 447 (95 Am. Dec., 194); *Norcross* v. *Stuart,* 50 Me., 87; *Trafford* v. *Express Co.,* 8 Lea, 97; *Bream* v. *Brown,* 5 Cold., 168.

In the case of *Norcross* v. *Stuart,* heretofore cited, the court described the relation of the husband in the language subsequently adopted by the supreme court of Tennessee in *Bream* v. *Brown,* cited above, as "enabling party, not actor; a mere side supporter, having no right to be in the writ except as the aid and support of the wife, and as one with her. The wife's injury is the meritorious cause of action, and, in legal effect, it is the action of the wife. If the statute of limitations does not operate to bar her action, this suit is not barred, for the husband has, independently of her, no right of action whatever. In Tennessee the statutes of limitation apply to the cause of action, and are not directed to their mere form." *Fink* v. *Campbell,* 17 C. C. A., 325 (70 Fed., 667, 668). This case involved a construction of our statutes, and it was here held that the cause of action was that of the wife, and that she was not barred at any time during the coverture. The saving provision of the statutes of limitations in this State is as follows: "If the person entitled to com-

mence an action is, at the time of the cause of action accrued, either within the age of twenty-one years, or of unsound mind, or a married woman, or beyond the limits of the United States, or the territories thereof, such person or their representatives and privies, as the case may be, may commence the action after the removal of such disability, within the time of the limitations for the particular cause of action, unless it exceed three years, and in that case within three years after the removal of such disability." Shannon's Code, sec. 4448.

Under this provision the statute has not run against Mrs. Thompson, and will not within one year after the removal of the disability of coverture. It has been held under this clause that an infant may sue for personal injuries sustained by him, by next friend, at any time during his minority, or in his own name, within the saving after he arrives of age. *Whirley* v. *Whiteman,* 1 Head, 610; *Cargle* v. *Railroad Co.,* 7 Lea, 719.

The cases of *Guion* v. *Anderson,* 8 Humph., 325, *Weisinger* v. *Murphy,* 2 Head, 674, and *Lane* v. *Farmer,* 11 Lea, 568, are relied upon as sustaining the contention of the defendant in this case, and are supposed to conflict with the views herein expressed, but they do not. The cases of *Guion* v. *Anderson* and *Weisinger* v. *Murphy* were actions for the recovery of the wife's lands, in which the husband was seised of a joint estate with her by virtue of his marital rela-

tion, which, after a joint disseisin, had been barred; and *Lane* v. *Farmer* involved a chose in action of the wife, which the husband had the right to sue for in his own name and recover for his sole use, while the cause of action in this case is solely that of the wife, in which the husband has no personal interest, nor the right to control.

The judgment of the circuit court is reversed, the demurrer overruled, and the cause remanded for further proceedings.