D. M. Lore, Respondent, v. Mitchell Frogge, Appellant.

St. Louis Court of Appeals, November 10, 1885.

Evidence—Warranty.—Under an issue as to whether a horse is "gaited" with another, it is incompetent to show that the horse matches in gait a third horse, which third horse matches in gait the second horse.

APPEAL from the Scotland County Circuit Court, BEN E. TURNER, Judge.

*Affirmed*

McKEE & JAYNE, for the appellant.

THOMPSON, J., delivered the opinion of the court.

The defendant and the plaintiff swapped horses, with the understanding, according to the defendant's testimony, that it was to be a trade, provided the horse which the plaintiff received in exchange for his would "gait" with a mare which the plaintiff owned ; or, according to the plaintiff's testimony, gait with said mare in the plow. A day or two afterwards the plaintiff returned the horse to the defendant, alleging that it would not gait with his mare in the plow, and claiming the right to rescind the trade. The defendant refused to rescind the trade, but the plaintiff left the horse which he had thus brought back, in the defendant's pasture, and brought replevin for the horse which he had delivered to the defendant in the trade.

On the trial in the circuit court before a jury, the plaintiff gave evidence to the effect that the horse he had received from the defendant in the trade would not gait with his mare in the plow, and the defendant, to rebut the same, offered evidence to the effect that it would gait with another horse, which other horse had been worked in the plow with the plaintiff's mare, and gaited with her. This evidence, on motion of the plaintiff, was excluded.

This is assigned for error, the defendant appealing to the principle that two things equal to a third thing are equal to each other. We think the evidence offered was too remote and uncertain. Two horses might work well together, and one of them might work with a third horse, and yet the other might not, owing to some pe-

culiarity of temper among the respective horses. If the question related to the size or weight of the horse in question, the axiomatic proposition to which the defendant appeals might be applicable; but questions of temper and of the likes and dislikes of horses for each other can not be measured in geometrical scales. We think the learned judge committed no error in the ruling.

The other assignment of error relates to the instructions. Without setting these out at length, it is sufficient to say that a careful reading of the record satisfies us that the real question in dispute was properly put to the jury, and as there was evidence to support their verdict, the judgment is affirmed. All the judges concur.