[ Filed November 17, 1890.]

# S. M. BARR, PLAINTIFF AND RESPONDENT, *v.* BORTHWICK & FRAME, DEFENDANTS AND APPELLANTS.

SALE OF PERSONAL PROPERTY—TITLE PASSES.—In the sale of personal property where there has been a complete delivery of the property in accordance with the terms of sale, and nothing remains to be done in relation to the property to effect the transfer, the title passes, although there remains something to be done in order to ascertain the total quantity or value of the goods at the price specified in the contract.

EVIDENCE—COMPETENCY—QUALITY OF GOODS.—In an action for wood sold, where the defense is that wood was not of the quality specified in the contract, evidence is inadmissible by the plaintiff to show the merchantable quality of wood of the same grade, cut from the same place, and on hand a day or two before the trial and some considerable time after the delivery of the wood sued for.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

This action is founded upon the following agreement in writing: "This agreement, made at Portland, Oregon, this twenty-first day of June, 1889, between Borthwick & Frame, parties of the first part, and S. M. Barr, party of the second part—witnesseth: Said party of the first part are to furnish cars sufficient to carry 1,500 cords of wood; said cars to be placed on what is known as Barr's spur on the Oregon Railway & Navigation Company's railroad, and the said parties of the first part are to pay the party of the second part the sum of two dollars ($2) per cord for the said 1,500 cords of wood. Said party of the second part is to place on board said cars when furnished 1,500 cords of good, merchantable fir wood. Said parties of the second part are to accept the measurement as given by the government at Walla Walla.

(Signed)                    "BORTHWICK & FRAME.
                            "S. M. BARR.

"Witness:
    "J. M. LEAVENS."

The complaint avers that plaintiff did sell and deliver to defendant on board the cars at place designated in contract 1,500 cords of good, merchantable wood, in all respects as agreed; that defendants have paid one thousand dollars on account thereof, and no more, and demand judgment for two thousand dollars, the balance claimed to be due.

The answer denies the delivery of any greater number of cords of wood than 1,054 cords. It alleges that it was understood between the parties to the agreement at the time it was made, and when the wood was sold and purchased, that defendants were purchasing it to fill a contract they had with the United States quartermaster for use at Walla Walla; that it was a provision of said contract between plaintiff and defendants, and was therein expressly stipulated and agreed that plaintiff should accept the measurement of said wood made by the government officer on its delivery to the government at Walla Walla; that plaintiff furnished 1,325 cords of fir wood to apply on the contract, but that 271 cords of it were unmerchantable and not good wood and were rejected and refused for that reason by the government agent at Walla Walla, where and when the wood was measured and inspected; that by a subsequent contract it was agreed that defendants should pay to the plaintiffs on said contract $1,000 when 1,000 cords of good, merchantable wood had been furnished thereunder, and that the remainder of the purchase price of said 1,500 cords of wood should be due and payable when said contract was completed, and said 1,500 cords of good, merchantable wood had been delivered at Walla Walla and paid for and accepted by the government and not otherwise; that said contract has not been completed or filled by plaintiff and he has only delivered under said contract 1,054 cords of wood; that the government has not paid defendants for said wood already delivered, and will not until said contract for 1,500 cords of wood is completed. They deny that $2,000 or any other sum is due or owing from them to plaintiff.

The reply denies specifically each allegation of the answer, and the only allegation of new matter it contains is that it was by the fault of the defendants that said wood was not measured by the government at Walla Walla or elsewhere. A trial was had before a jury and a verdict and judgment in favor of respondent was rendered for the amount demanded in the complaint, from which this

appeal is taken. The facts sufficiently appear in the opinion.

*Watson, Hume & Watson* and *R. G. Morrow*, for Appellants.

*R. & E. B. Williams* and *C. H. Carey* and *C. J. McDougall*, for Respondents.

BEAN, J., delivered the opinion of the court.

The first question for our consideration is whether the court below erred in instructing the jury, that under the contract in this case the wood of the quality specified in the contract when put on board the cars for the defendants at Barr's spur was thereafter at the risk of defendants, and that plaintiff thereafter had no further liability or responsibility in respect to the wood. The contention of defendants is that the measurement of the wood by the government at Walla Walla is made by the contract a condition precedent to the transfer of the property. This contract being in writing, must be construed by the court, and the intention of the parties as gathered therefrom must control; the general rule of law being that when the goods are to be weighed or measured in order to ascertain the quantity, unless it appears that the intention of the parties was otherwise, the title does not pass until such measuring is done. *Rosenthal* v. *Kahn*, 19 Or. 571. But where there has been a complete delivery of the property in accordance with the terms of the contract of sale, and nothing remains to be done in relation to the property to effect the transfer, the title passes although there remains something to be done in order to ascertain the total quantity or value of the goods at the price specified in the contract. *Burrows* v. *Whitaker*, 71 N. Y. 291; 27 Am. Rep. 42; *Graff* v. *Fitch*, 58 Ill. 373; 11 Am. Rep. 85; *Hatch* v. *Standard Oil Co.*, 100 U. S. 124.

The delivery of the property is an important factor in determining the intent of the parties, and is usually indicative of an intent that the title should pass, though not conclusive. If goods be completely delivered to the purchaser it is usually very strong evidence of an intent that the property should pass to him and be at his risk,

notwithstanding that weighing or measuring is to be done afterwards.   The inference to be derived from a delivery to the purchaser may, of course, be overcome by the terms of the contract, but in the absence of any provision indicating a different intention, it is usually considered that the title vests upon the delivery.   The provisions of the contract in this case are that defendants should provide the cars for the wood purchased by them of plaintiff and should furnish their cars at a certain designated place on the Oregon Railway & Navigation Company's road. The only engagement of plaintiff was to load in these cars, when furnished, fifteen hundred cords of wood, the quality called for in the contract.   When he did this his contract completed and nothing remained to be done by either of the parties to effect the transfer.   The possession of the wood passed from plaintiff to defendants as soon as put aboard the cars, and there is nothing in the contract which would prevent the title vesting in them as completely as if plaintiff had delivered the wood in defendant's wood yard or loaded it in wagons furnished by them. The possession and control of the wood was immediately transferred from plaintiff to defendants, and upon what principle of either reason or authority it can be claimed that plaintiff had any further liability or responsibility in regard to the wood we are at a loss to understand.

The provision in the contract that plaintiff should accept the measurement as given by the government at Walla Walla simply bound him to abide by that measurement, if made, and cannot be construed into a condition precedent to the passing of the title.   The contract does not provide for the receipt or acceptance of the wood by the government at Walla Walla, or that the government should have anything at all to do with the wood except to measure it, if it reached Walla Walla.   The only effect of the provision is, that if the wood should be transported to Walla Walla by the defendants, and there measured by the government, and such measurement did not agree with that made by the plaintiff, he will be bound by the quan-

tity as ascertained at Walla Walla. The duty of causing this wood to be taken to Walla Walla to be measured is for defendants, and before they can bind plaintiff by such measurement, they must show that they have performed this duty. Appellant's counsel claimed in the argument that this case is within the rule announced in the case of *Rosenthal* v. *Kahn*, decided this term. The contracts in the two cases are materially different. In the Rosenthal case, the contract provided that Rosenthal should furnish Kahn 2,900 cords, more or less, of good, merchantable fir wood, at $1.90 per cord on board the cars at a certain station on the Oregon Railway & Navigation Company's road, said wood *to be received and measured by the quartermaster at Walla Walla.* There the amount of wood, more or less, delivered, was according to the terms of the contract, to be determined by the person whom the parties had agreed upon for that purpose, and until the quantity was to determined the contract was not complete, After the wood was put on board the cars, there yet remained something to be done, according to the very terms of the contract, to complete the sale, namely, *the receipt and measurement of the wood by the quartermaster at Walla Walla;* while here the contract fixed the amount of wood to be furnished, and provided that defendants should furnish the cars and plaintiff should load the wood on board thereof when so furnished. When the cars were furnished by the defendants at the place designated they became their vehicles for the transportation of the wood, and a delivery of the wood on the cars was a delivery to them.

In the Rosenthal case there was no agreement that Kahn should furnish the cars, or that the wood should be loaded in cars over which he had any control, but it was to be put in the cars of a common carrier to be transported to the place agreed upon by the parties for the receipt and measurement, and therefore the loading of the cars was not a delivery to Kahn, and under the contract could not be so considered. It appears from the contract that Kahn was fulfilling a contract he had with the government at

Walla Walla through Rosenthal, and consequently the parties, for reasons satisfactory to themselves, made the quartermaster's receipt and measurement a condition precedent to a right to the price of the wood, and while that could be withheld the sale could not be executed.

On the trial before the jury, the defendants gave evidence tending to show that a portion of the wood delivered to them by plaintiff was not merchantable.    To rebut this, plaintiff gave evidence that on the Saturday before the trial, plaintiff, in company with one Rosenthal, examined a lot of wood, perhaps four or five hundred cords, piled along Barr's spur, which plaintiff testified was the same kind of wood and cut from the same place out of which the wood furnished the defendants was taken, and was of a like quality therewith, and that it was cut about the same time.

Rosenthal being called as a witness, was permitted, against defendants' objection, to testify as to the quality of the wood examined by him.    In this we think there was error.    It is elementary that evidence of collateral facts is inadmissible, for the reason that such evidence tends to draw the minds of the jury from the real fact at issue and in dispute, and the opposite party having had no notice of such a course is not prepared to rebut it.    Greenleaf on Evidence, § 52.    The wood examined by Rosenthal was not the same nor any part of the wood delivered to defendants, and if it were competent for plaintiff to introduce evidence tending to show it was the same kind, the defendants might have introduced evidence to contradict it, and thus a new issue would have been presented to the jury, having nothing to do with the issue on trial.    *Henkel* v. *Burke*, 10 Atl. Rep. 249; *Morawetz* v. *McGovern*, 68 Wis. 312; *Lore* v. *Frogge*, 19 Mo. App. 368.    The defendants did not claim that all the wood delivered to them was not merchantable, but only 270 cords thereof, and we think the evidence should have been confined to the quality of the wood actually delivered.    The fact that the wood examined by Rosenthal was cut from the same place or that a part of it was from the same pile as that delivered to defendants,

would be a very remote circumstance indicating the quality of the wood actually delivered. Plaintiff was furnishing large quantities of wood from the same place to other parties at the rate of from 800 to 1,000 cords per month during the time he was furnishing wood to defendants, and it would be unsafe to say that he could show the quality of the wood delivered to the defendants by showing the quality of four or five hundred cords that remained along the side-track a few days before the trial, and evidently some time after he had ceased furnishing wood under his contract. The other alleged errors assigned in the notice of appeal under the views we have expressed become immaterial on this appeal, and it is not necessary for us to consider them.

The judgment of the court below will be reversed and a new trial ordered.