[Argued October 15; decided November 13, 1894; rehearing denied.]

## GRUBBE *v.* GRUBBE.

[38 Pac. 182.]

1. ACTIONS AGAINST EXECUTORS — EVIDENCE — CODE, § 711.— In all cases the testimony should be confined to the issues, and immaterial and collateral facts should be avoided: *Barr* v. *Borthwick*, 19 Or. 578, approved. Under this rule, in an action by decedent's wife against his executor for money loaned to decedent, the will of deceased, which contained no statement concerning the receipt of the money, or denial of his obligation to pay it, or facts tending to contradict plaintiff's testimoney, is not admissible, even under Hill's Code, § 711, as amended by Session Laws, 1893, p. 134, providing that when a party to an action against an executor testifies in his own behalf statements of the deceased concerning the same subject, in his own favor, may be shown, for the consideration of the terms of the will would only confuse the jury, and tend to withdraw their attention from the merits of the controversy. Nor in such a case is it at all material that the claim will consume the entire estate.

2. CONTRACTS BETWEEN HUSBAND AND WIFE — JURISDICTION OF LAW COURTS — CODE, §§ 2871, 2872, 2997.— The general power to contract given to a married woman by section 2997 of Hill's Code, which provides that she may make contracts and incur obligations which may be enforced by or against her to the same extent as if she were unmarried, is not limited, as to dealings with her husband, to the contracts mentioned in sections 2871 and 2872, making valid a conveyance, transfer, or lien executed by either husband or wife in favor of the other, and authorizing either husband or wife to appoint the other his or her attorney in fact to dispose of his or her property for their mutual benefit; rather should these sections be construed as extending the general power so as to empower her to enter into contracts under seal. Section 2997 gives the wife power to enter into parol contracts with her husband, such as lending him money, and sections 2871 and 2872 give her the special power to make contracts with her husband under seal.*

3. ACTIONS BETWEEN HUSBAND AND WIFE — CODE, § 2870 — JURISDICTION OF LAW COURTS.— Under section 2870, Hill's Code, providing that either husband or wife, as owner, may sue to recover property of which the other has secured possession or control, either may sue the other at law not only for property wrongfully obtained, but on contracts as well.

* The right of a wife to maintain an action against her husband on a contract or other cause of action is the subject of a note to *McKendry* v. *McKendry* (Pa.), 6 L. R. A. 506.—REPORTER.

4. ACTIONS BETWEEN HUSBAND AND WIFE — INTEREST — CODE, ₰ 2870.—A married woman may maintain an action against her husband to recover not only money voluntarily loaned to him, but interest thereon, under Hill's Code, ₰ 2870, providing that if the husband or wife obtain possession of property belonging to the other the owner may maintain an action therefor, "or any right growing out of the same," in the same manner as if he were unmarried.

APPEAL from Douglas: J. C. FULLERTON, Judge.

This is an action brought by Henrietta J. Grubbe against G. W. Grubbe as the executor of the last will and testament of E. T. Grubbe, her deceased husband, to recover money alleged to have been delivered by her to the testator under an agreement to repay it upon her request. The facts are that on September eighth, eighteen hundred and seventy-nine, E. T. Grubbe was the owner of a tract of land in Douglas County, which he and the plaintiff on that day conveyed to one Joseph Haines, who, to secure a part of the purchase price, executed and delivered to the plaintiff a mortgage upon said property to secure the payment of seventeen hundred dollars, with interest thereon at the rate of ten per cent. per annum from that date. The plaintiff, having annually received the interest on the mortgage debt, and on November third, eighteen hundred and eighty-six, the principal, delivered the amounts, when received, to her husband. He died testate March twelfth, eighteen hundred and ninety-two, and on the fifteenth day of the next month the defendant was, by order of the county court of said county, appointed executor of his last will and testament. On August first following, the plaintiff presented to the defendant for allowance her claim against her husband's estate, and. it having been rejected by him, on November twelfth of that year, commenced this action to recover twenty-eight hundred and ·fourteen dollars and fifty cents, the amount so delivered to the testator, with interest at the legal rate from No-

vember third, eighteen hundred and eighty-six. The defendant, after denying the material allegations of the complaint, alleged that the plaintiff, at the time said money is alleged to have been collected by her and delivered to E. T. Grubbe, was his wife, and that he, with her knowledge and consent, had expended the same in the necessary support of their family. The reply having put in issue the allegations contained in the answer, the cause was tried before the court and jury, resulting in a verdict and judgment for the defendant, from which the plaintiff appeals, and assigns in the notice thereof the admission of evidence to which execptions were duly taken, and the giving and refusal of certain instructions by the court, as the grounds upon which she relies for the reversal of such judgment.                                    REVERSED.

*Mr. J. W. Hamilton,* for Appellant.

*Mr. E. P. Preble* (*Mr. Geo. M. Brown* on the brief), for Respondent.

Opinion by MR. JUSTICE MOORE.

The plaintiff, after she had proven the execution and delivery of the Haines mortgage, and the payment to her of the principal and interest thereof, testified that she delivered the moneys when collected to her husband to invest for her, which he promised to do, and to repay the amount when she wanted it, but that no part of it had ever been paid. The defendant, over plaintiff's objection, and presumably to rebut her testimony, introduced in evidence a copy of said last will and testament, which, among other provisions, contained the following: "*Secondly*, I do will, bequeath, and devise unto my beloved wife, Henrietta J. Grubbe, the use, during her natural life, of all the real and personal property, which I may own, or of which I

may die seized, for her support and maintenance, and I do hereby appoint and constitute George W. Grubbe of Wilbur, Douglas County, State of Oregon, the trustee of said estate and property, to invest, rent, and manage said property, both real and personal, so that the increase thereof may furnish to my said wife during her lifetime comfortable support and maintenance; and I do hereby direct, empower, and authorize George W. Grubbe, in case said increase is insufficient for the said purpose, to use and apply moneys of said estate, of which I may die seized thereof, that which is necessary, and in case of necessity, after using the moneys, to sell the personal or real property which may be necessary to realize sufficient money to support and maintain my said wife during her life." The defendant also testified that the deceased left money, notes, and accounts amounting to not more than twenty-nine hundred dollars, and a lot with three buildings thereon of the value of about one thousand dollars. Upon this evidence the court instructed the jury as follows: "The will of E. T. Grubbe has been introduced in evidence. By the provisions of this will the property of the deceased is placed in trust for the use and benefit of the plaintiff during her lifetime, and then the remainder, if any, is to go to his children named in the will. There is some evidence tending to show that the claim of plaintiff upon which this action is brought would consume the greater portion of the estate of E. T. Grubbe, and that if this claim is paid out of the estate there will be little, if anything, left. You have a right to consider all these facts and circumstances in determining whether the money derived from the Haines mortgage was or was not the property of the plaintiff."

The plaintiff duly excepted to this instruction, and now contends that the admission of the will in evidence, and the instruction based thereon, were manifest errors;

while the defendant contends that the payment of the claim out of the estate would leave nothing upon which the will could operate, and that the making of the will was inconsistent with the relation of debtor and creditor between the deceased and plaintiff, that it tended to rebut her testimony, and hence was admissible in evidence. In support of this contention he cites *In re Hauer's Estate*, 140 Pa. St. 420, 23 Am. St. Rep. 245, 21 Atl. 445, where the facts were that a husband had, with the knowledge and consent of his wife, collected the rents accruing from her separate estate, and used the money thus received in the support of their family, and that he had purchased, in the name and for the benefit of his wife, a house and lot. It was there held that the facts relating to the purchase of the house and lot were properly admissible in evidence as showing a gift from him to her, and that he did not regard himself as her debtor for the rents, which would be presumed to be a gift from her. It was also held that a husband who received a portion of the principal of his wife's separate estate becomes, in the absence of an agreement controlling his reception of it, her debtor for the amount so received, but that he was not, as a general rule, chargeable with interest upon it; that it lies upon him to show the agreement which releases him from the payment of the principal, and on her to show the agreement which entitles her to interest. Thus a broad and plain distinction is drawn between the receipt by the husband of the income of his wife's separate property, and the receipt by him of the principal of her estate.

The effect of this decision is that the presumption of a gift from the wife to the husband of the rents of her separate estate, when used by him in the support of the family, may be corroborated by proof of a gift from him to her, as tending to show that the relation of debtor and creditor was never contemplated and did not exist between them;

but it is manifest that if the husband had appropriated the estate itself, instead of the income thereof, the evidence of the purchase of the house and lot would have been inadmissible for that purpose. In the case at bar the money received by E. T. Grubbe from the plaintiff was not only the profits from her separate estate, but included the estate itself, if it be conceded that she owned the Haines mortgage, and hence the rule announced in the case relied upon by the defendant, even if applicable in this case, would make the will admissible in evidence only as tending to show that the estate of E. T. Grubbe was not liable for the interest upon the fund when it had been by and with the knowledge and consent of the plaintiff used by him in supporting the family. The legislative assembly of Oregon amended section 711 of Hill's Code (Session Laws, 1893, p. 134), by adding the following: "*Provided*, that when a party to an action or suit by or against an executor or administrator appears as a witness in his own behalf, statements of the deceased concerning the same subject in his own favor may also be proven." It cannot be said that the will contained any statements of the deceased concerning his receipt of the money, or any denial of his obligation to repay it, nor does it in any manner tend to contradict any fact to which the plaintiff or any of her witnesses had testified in support of her action, and hence it was not admissible under that section of the statute. The admission of the will in evidence, and the proof of its probate, injected collateral facts into the case which afforded no reasonable presumption or inference of the liability of the decedent's estate for the payment of plaintiff's claim; and the effect of this evidence was to draw the minds of the jurors from the real question in issue, and the plaintiff, having had no notice of such a course, was not prepared to rebut it: *Barr* v. *Borthwick*, 19 Or. 578, 25 Pac. 360. The instruction based upon the evidence thus admitted would

tend to make the payment of claims against the estates of deceased persons dependent, not upon their merits, but upon the assets of the estate. We conclude there was manifest error in admitting a copy of the will in evidence and in giving the instruction based thereon.

2. The defendant's counsel contend that it having appeared from the pleadings that at the time of the alleged transactions upon which the plaintiff bases her claim she was the wife of E. T. Grubbe she could not enter into any contract with him upon which she could maintain an action at law, and that if she had any remedy it was enforcible only in equity. The following provisions of Hill's Code are deemed involved in the discussion of this question: "2992. The property and pecuniary rights of every married woman at the time of her marriage, or afterwards acquired, shall not be subject to the debts or contracts of her husband, and she may manage, sell, convey, or devise the same by will to the same extent and in the same manner that her husband can property belonging to him. 2997. Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried. 2870. Should either the husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried." Without attempting to enumerate the disabilities under which the wife labored in consequence of the harsh rules of the common law, it is sufficient to say that the framers of our constitution wisely created a separate estate for her benefit and protection, (section 5, article XV, Oregon Constitution,) and that the legislative assembly has established her legal identity, emancipated

23 OR.—47.

her from the servile dominion of her husband, and clothed her with power to contract and deal with her separate legal estate, and to maintain suits and actions in her own name for its protection, to the same extent as if she were unmarried.

In addition to the rights secured to a married woman by the foregoing sections the following power has also been granted: "2871. A conveyance, transfer, or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons. 2872. A husband or wife may constitute the other his or her attorney in fact, to control or dispose of his or her property for their mutual benefit, and may revoke the same to the same extent and manner as other persons." It is contended that section 2997, authorizing the wife to contract, is limited, so far as her contracts with her husband are concerned, to those expressly named in sections 2871 and 2872, and that, the legislative assembly having by these sections designated the kinds of contracts she can enter into with her husband, the maxim "*expression unius est exclusio alterius*," prohibits her from making any other contracts with him. This maxim is not of universal application, and great caution is necessary to be exercised in its proper use, depending upon the intention of the parties, to be discovered from the face of the instrument: Broom's Legal Maxims, 653. A conveyance is a contract under seal, but there is often a difference between the power of contract and the power of making conveyances: 2 Bishop on Married Women, § 368. The wife, under the general grant of power given in section 2997, is authorized to enter into parol contracts with her husband, and by sections 2871 and 2872, she has been granted the special power to enter into contracts under seal with him. We do not think the enumeration of the classes in sections 2871 and 2872, is a limitation upon the wife's power to con-

tract with her husband, but rather an extension of the grant, and hence the maxim quoted is inapplicable, and plaintiff was authorized to enter into the alleged contract with her husband.

3. The question is then presented whether a married woman, under the statute, can maintain an action at law against her husband for money voluntarily delivered to him under an express agreement to repay the same. Defendant's counsel contend that section 2870 only permits either husband or wife to maintain an action to recover the possession or control of property wrongfully obtained by the other, and that no action on a contract can be maintained at law by one spouse against the other. This section was borrowed from Iowa, (1 McClain's Annotated Statutes of Iowa, § 2204,) but we have been unable to find any decision from the courts of that state directly bearing upon the question. In *Peters* v. *Peters,* 42 Iowa, 182, it was held that section 2204 of the Code of that state does not authorize the wife to bring an action against her husband for assault and battery committed by him upon her. In *Courtright* v. *Courtright,* 53 Iowa, 57, 4 N. W. 824, SEEVERS, J., says: "Whether this statute," referring to section 2204 of the Code of that state, "includes property which has been voluntarily given by the husband or wife to the other, or which has been rightfully obtained, we do not deem it necessary to determine."

The effect of modern statutes upon the rights of married women has been to give them the privilege of applying to the law courts for relief which under the common law they could obtain only in a court of equity. These statutes have not created new rights, but have provided another forum for their enforcement. The redress which a wife could, under the old system, obtain only in a court of equity, is, under the statutes of many states, now freely granted her in a court of law: 2 Bishop on Married Women,.

§ 360.   If it be admitted that the wife can enter into contracts with her husband, then it must be conceded that the law has furnished her a remedy for their enforcement.   In *Wilson* v. *Wilson*, 36 Cal. 447, 95 Am. Dec. 194, it was held, in an action brought by the wife against the husband to recover money loaned by her to him, that it was maintainable, SAWYER, C. J., saying: "We find that the right of the wife to sue the husband is expressly recognized, and the right is not limited to any particular action, or class of actions."   So, too, in *May* v. *May*, 9 Neb. 16, 31 Am. Rep. 399, 2 N. W. 221, it was also held that the wife might maintain an action against her husband to recover money loaned.   The principal objection urged against the right of action at law between husband and wife to settle questions relating to the separate property of either, is that it would tend to disturb the harmony that should exist between the parties.   SAWYER, C. J., in *Wilson* v. *Wilson*, in speaking upon this subject says: "A litigation of this kind between husband and wife may be unseemly and abhorrent to our ideas of propriety, but a litigation in one form can be no more so than the necessity itself which gives rise to the litigation."   In view of these decisions, and the spirit of our statutes upon the property rights of married women, we conclude that section 2870 authorizes the wife to maintain an action against her husband to recover money voluntarily loaned to him, and that she need not invoke the jurisdiction of a court of equity to establish the relation of debtor and creditor between them.   The objection to the forum having been urged by the defendant, we have, in view of another trial, deemed it proper to thus present our views as to the right of a married woman to resort to the law side of the court for redress in this class of cases.

   4.   Where money is advanced by the wife to the husband it will, in the absence of any statute upon the subject, or an express agreement to that effect, be presumed

that no interest is recoverable thereon, (*In re Hauer's Estate*, 140 Pa. St. 420, 23 Am. St. Rep. 245; *Logan* v. *Hall*, 19 Iowa, 491,) but under section 2870, the wife may, in addition to the recovery of the property obtained by the husband, also recover any right growing out of the same, which entitles her to interest upon the money loaned. There being manifest error in the record, the judgment is reversed and a new trial ordered.

REVERSED.