# SUPERIOR COURT OF BAL-TIMORE CITY

Filed May 7, 1900.

## MARY LOUISE BRINKMANN
## VS.
## AUGUST H. BRINKMANN.

*Thomas R. Clendinen* for plaintiff.
*Gans & Haman* for defendant.

HARLAN, J.—

The question raised by the plea in this case, to which a demurrer has been interposed, is whether a married woman can, under the Act of 1898, Chapter 457, maintain a suit at law against her husband.

In my opinion the Act does not give her this power, true it is that the Act is broad in its terms. Section 5 is in the following words:

"Married women shall have power to engage in any business and to contract, whether engaged in business or not, and to sue upon their contracts, and also to sue for the recovery, security or protection of their property, and for torts committed against them, *as fully as if they were unmarried;* contracts may also be made with them, and they may also be sued *separately* upon their contracts, whether made before or during marriage, and for wrongs, independent of contract committed by them before or during their marriage, *as fully as if they were unmarried*, and upon judgments recovered against them, execution may be issued as if they were unmarried; nor shall any husband be liable upon any contract made by his wife in her own name, nor for any tort committed by her out of his presence, without his participation or sanction."

I imagine it will hardly be contended that the legislature could have intended to give the wife power to sue the husband, if it did not give the husband like power to sue the wife, and it seems to me to be reasonably plain, when the legislature, in the latter part of the above section, said married women "may *also* be sued *separately* upon their contracts * * * and for wrongs, etc.," and then went on to exempt the husband from liability for any contract made by the wife in her own name, and for torts committed by her out of his presence; that the contracts and torts in contemplation of the law-makers upon which she was to be *separately* sued were her contracts with and torts against third persons.

Moreover, comprehensive as is the expression, "shall have power to sue * * * as fully as if unmarried," it must be remembered that ever since the Code of 1860 (Art. 45, Sec. 4) it has been the written law that "a married woman, having no trustee, may by her next friend sue in a Court of law or equity in all cases for the recovery or security or protection of her property *as fully as if she were a feme sole;*" and yet in the case of Barton vs. Barton, 32 Md. 214, 224, the Court of Appeals quoting this section, says: "There is no doubt of the right of a married woman to sue by next friend, either at law or in equity, *any stranger* for the recovery, security or protection of her property," but * * * "that public policy originating in the delicate relation existing between husband and wife, forbids a wife from maintaining an action at law against her husband during the coverture, and her only remedy against him is by a proceeding in equity."

The married women's acts in other States differ much in their terms. In some of the States the right of the husband and wife to contract with, and to sue each other is expressly given. [See Jones vs. Jones, 19 Iowa 236; Markham vs. Markham, 4 Mich. 305; Brenneman vs. Brenneman, 1 Ohio N. P. 332; Kennedy vs. Knight, 174 Pa. St. 408; (Act 1893, P. L. 344.)] Where this is not the case, it has been held in a number of cases that suits between husband and wife are not authorized by general expressions giving the wife power to sue and be sued as if a feme sole.

Smith vs. Gorman, 41 Me. 405.

Freetby vs. Freetby, 42 Barb. 641.

Inglefritz vs. Inglefritz, 49 Mo. 127.

Kalfus vs. Kalfus, 92 Ky. 542.

Small vs. Small, 129 Pa. 336.

Kennedy vs. Knight, 174 Pa. 408.

Alwood vs. Alwood, 15 N. Y. Civ. Pro. Rep. 151.

Heacock vs. Heacock, 79 N. W. Rep. 353.

A contrary conclusion seems to have been reached in Gillespie vs. Gillespie, 64 Minn. 381.

Grumble vs. Grumble, 26 Or. 363.

Roche vs. Un. Trust Co. (Md.), 52 N. E. Rep. 612.

Bruce vs. Bruce, 95 Ala. 565.

The following quotations from the opinion by the Court, by Mitchell, J., in Small vs. Small, 129 Pa. 336, will show the principle on which the former cases have been decided. He says, construing the Act of June 3, 1887, P. L. 333, "it is impossible to suppose that so important a branch of the subject as the right of action between husband and wife should not have been thought of, or being thought of, should not have been granted in unequivocal terms if intended to be granted at all. To legislators versed in the principles of the common law, it would immediately suggest itself as a distinct and momentous departure from the legal policy of centuries which ordinary phraseology, however general, would not commonly be understood to intend, and it is inconceivable that under such circumstances it should be granted obscurely or by implication."

In view of what seems to me to be the weight of authority elsewhere, and of what our Court of Appeals said in Barton vs. Barton, supra, and the remarkable, if not startling, change that would be wrought in the status of married persons, I am led to conclude that the general language of the Act of 1898 ought not to receive an interpretation which would give to husbands and wives the right to maintain against each other not only actions *ex contractu* but also actions *ex delicto* for assault and battery; for slander and libel; for deceit and negligence, etc., etc.

The demurrer will be overruled.